## HAMILTON & CO. v. DUTY.

1. REPLEVIN: INTERPLEADER: *Pleading.*

A third party claiming the ownership of replevied property, has the right to be made a defendant in the suit, and assert his claim; and his answer asserting his ownership and right of possession and denying the plaintiff's title and right of possession should not be stricken from the files for omission to state the evidence of his title. This could be shown on the trial.

APPEAL from *Lafayette* Circuit Court.

Hon. R. C. YOUNG, Circuit Judge.

*L. A. Byrne*, for appellant :

Hamilton & Co. proper parties. *Gantt's Digest, secs.* 4476, 4482. Appeal should not have been dismissed. *Ib.* 3823, 3824, 3837 ; 26 *Ark.*, 315 ; 30 *ib.*, 560. Their answer raised issue of ownership. *Gantt's Digest, sec.* 379; 30 *Ark.*, 560. Plaintiff must recover on his own title. 22 *Ark.*, 396 ; 25 *ib.*, 11 ; 29 *ib.*, 270. Objections to pleadings taken too late in circuit court. 30 *Ark.*, 560.

ENGLISH, C. J. On the nineteenth of December, 1878, R. B. and H. C. Duty brought an action of replevin against George W. Cheatham, for three bales of cotton before a justice of the peace of Lafayette county.

In an affidavit filed by the plaintiffs, they describe the three bales of cotton, state their value, etc., that they were the owners and entitled to the immediate possession of the cotton, and that it was unlawfully detained by the defendant without right, etc. An order of delivery, and summons were issued to a constable, returnable on the twenty-first of December; and upon the execution of a bond by the

plaintiffs, he took possession of the cotton, and delivered it to them, and served defendant with a copy of the order, and summoned him, etc.

On the twenty-fourth of December, on the application of Hamilton & Co., an order was entered on the docket of the justice making them parties to the suit, and the case continued to the second of January, 1879.

On the last-named day, Hamilton & Co. (a firm of merchants composed of W. E. and W. B. Hamilton) filed an answer to the affidavit and complaint of plaintiffs, in which, in substance, they alleged that the three bales of cotton therein described belonged to them, and not to the plaintiffs, and that defendant Cheatham had no interest therein. They also caused to be entered on the docket of the justice, in short, a denial of each and all of the allegations of plaintiffs' complaint, and particularly that they were the owners of the cotton, etc, and alleging ownership and right of possession in themselves, and claiming judgment, etc.

Cheatham filed no answer, and set up no claim to the cotton. It seems that when the suit was commenced, it was in his possession as agent of Hamilton & Co.

All the parties appearing, the case was submitted to a jury, and they returned a verdict that the cotton was the property of the plaintiffs, and the justice rendered judgment that they retain the cotton, and recover costs of defendants.

Hamilton & Co. appealed to the circuit court.

In the circuit court plaintiff filed a motion to strike the answer of Hamilton & Co. from the files, and also to strike their names from the docket as defendants in the case, on the ground that they had not shown by their answer (filed with the justice) or otherwise, such interest in, or claim to the cotton in controversy, as entitled them to a day in court.

The court sustained the motion, and ordered their answer to be stricken from the files of the court, and their names to be stricken from the docket as defendants, to which they excepted.

They filed a motion to set aside this order, in which they stated the evidence of their claim to the cotton. The court overruled the motion, and they appealed to this court.

Appellants claiming to be the owners of the cotton taken by the order of delivery from the possession of Cheatham, they had the right to be made defendants in the suit, and set up their claim. *Gantt's Digest, sec. 4482.*

In their answer they denied the title of the plaintiffs, and alleged that they were the owners of the cotton, etc. They were not obliged to state, in their answer, the evidence of their claim to the property. It was proper for them to introduce that on the trial.

Before justices of the peace, strictly formal pleadings are not, and should not be required. Appellees filed no complaint except their affidavit. If the answer of appellants was defective, they should have been permitted to amend it. By striking out their answer, and striking out their names from the docket as defendants, the suit was virtually ended, and they had no remedy but to appeal.

Reversed and remanded for a trial on the issue made by the answer of defendants.