WINCHESTER *v.* BRYANT.

Opinion delivered March 12, 1898.

1. REPLEVIN—INSTRUCTIONS.—Where, in a triangular contest between the plaintiffs, the defendants and the state as intervener, the right to the possession of certain staves and cord wood is at issue, and it was agreed first to submit to the jury the issue between the plaintiffs and the defendants, and subsequently to determine the state's rights, it was not error, upon the trial of the first issue, to refuse to charge the jury that if any part of the staves and cordwood was cut from land belonging to the state, and defendants were trespassers in such cutting, they could not find such staves and cordwood to be the property of either plaintiffs or defendants. (Page 120.)

2. SAME—INTERVENTION—PRACTICE.—Where it is a question whether certain property belonged to the plaintiffs, to the defendants, or to the state (which has intervened claiming it), and the issue between the plaintiffs and the defendants is first tried and determined against the plaintiffs, it remains to be determined whether the state was entitled to it, and therefore a judgment for the defendants on the verdict in their favor as against the plaintiffs, before the rights of the state are determined, is premature. (Page 121.)

Appeal from Columbia Circuit Court.

CHARLES W. SMITH, Judge.

*Jesse B. Moore,* for appellants.

The conclusions of a jury are final only in cases where the evidence upon which the verdict must turn is exclusively oral testimony, uncorroborated by rational or physical facts. The burden was on appellees to account for the disappearance of the staves, since it was a matter peculiarly within their knowledge. 6 Wall. 299; 4 Watts (Pa.), 361. The court erred in giving the first, second and third instructions asked by appellees; and, also, in refusing to give the second, fifth, sixth, seventh and eighth instructions asked by appellants. The right to redeem land forfeited to the state is not an estate in the lands. 21 Ark. 319; 52 Ark. 132. Timber severed before redemption belongs to the state. 14 Ark. 431. Cutting timber on state lands is a felony. Sand. & H. Dig., § 1774. Hence, the courts will not aid the violator of the law to reap

the fruits of his crime. Crawford's Dig. Ark. Rep. "Contracts," III, c.; 9 Am. & Eng. Enc. Law, 921. The court should rather hold the property for the true owner. Sand. & H. Dig., § 2401. A defendant in replevin should not be permitted to set up title in another and try the case without such other party. 20 Am. & Eng. Enc. Law, 1050, and notes; 4 Ia. 5; 15 *ib.* 296; 19 S. E. (S. C.), 1016. Even if the state had not interpleaded, the court would have been compelled to order it to be made a party. Crawford's Dig. "Parties," IV.; Sand. & H. Dig., § 5635. The state's rights should have been tried along with that of the other parties to the suit. Sand. & H. Dig., § 5636; 17 Am. & Eng. Enc. Law, 648, and notes; 36 Ark. 474. It was error to instruct the jury to disregard the state's rights in its verdict. 34 Ark. 291; 39 Ark. 188; 19 S. E. (S. C.) 1016.

*W. D. Jameson, Smead & Powell* and *Gaughan & Sifford,* for appellees.

Where there is any evidence to support the verdict of a jury, this court will not disturb it. 23 Ark. 208; *ib.* 32; 13 *ib.* 474; 23 *ib.* 112; 57 *ib.* 577; 63 *ib.* 536; 14 *ib.* 21. The peaceable possession of appellees gave them a better right than appellants had to the property in controversy. 40 Ind. 160; 4 Blackf. 309; 13 Ill. 619; 45 Ill. 619; 57 Ill. 38; 21 Wend. 209; 5 Barb. 516; 1 Pick. 357; 10 Col. 379; 5 S. & R. (Pa.) 132. Possession by defendants was *prima facie* evidence of title in them. 42 Ark. 310; 11 Ark. 721; 42 Ark. 65. To support replevin, plaintiff must show title in himself. 4 Ark. 94. Redemption, by the original owner of lands, from forfeiture of taxes relates back, so as to vest in him the title to timber severed in the interim. 30 Ark. 520.

*Jesse B. Moore,* for appellants, in reply.

The right of action for the timber cut on the land, during the time it was unredeemed, is one which exists separately and independently of the estate in the land; and it does not follow a re-conveyance of the lands. Sand. & H. Dig., § 489; 47 Ark. 51; 14 Ark. 431; 1 Chit. Pl. 75.

BATTLE, J. This action was brought by E. H. Winchester and others against L. R. Bryant and others, in the Union circuit court, to recover the possession of 30,000 staves of the

estimated value of $1,200, and of fifteen cords of wood of the estimated value of $22.50. Plaintiffs alleged in their complaint that these staves and cordwood were wrongfully cut and made by the defendants from trees standing and growing on their (plaintiffs') lands, to-wit, sections 21, 27, 28, 34, 35, and south half of section 26, in township 19 south, in range 10 west, and in Union county, in this state; and that the defendants have possession of and hold the staves and cordwood without right.

The defendants, L. R. Bryant and Henry Knox, answered and denied the ownership and right of possession of plaintiffs to the staves and cordwood; that their co-defendants had any interest in the same; and that they were cut on sections 21, 22, 27 and 28, in township 19 south and in range 10 west. They alleged the value of the staves to be $1,800, and of the cord wood to be $37.50, and that they were cut on the northwest quarter of section 26, in township 19 south, in range 10 west,— the lands of T. P. Poole,—and are their property. They further alleged that they were entitled to the possession of the same, and were wrongfully deprived of it by this suit; and asked for the return thereof, or the value as stated, and for $500 as damages.

The action was transferred, on application for change of venue, to the Columbia circuit court.

E. H. Leaming, "deputy timber inspector of District No. 1, composed of the counties of Bradley, Union and others," filed in the action what he called an interplea, and alleged therein that 27,000 staves, or other large number, and fifteen cords of wood, in controversy, were unlawfully cut and made by the defendants from trees standing and growing on the northwest quarter of section 26, in township 19 south, in range 10 west, and in the county of Union, and that the land, at the time the trees growing and standing thereon were cut, was the property of the state of Arkansas, and that the staves and cordwood belonged to the same owner; and asked that judgment be rendered in favor of the state for the same.

Upon the filing of this "interplea," the defendants asked that the "cause proceed to trial upon the issues to be joined between the interpleader and defendants," and the plaintiffs,

objecting, asked that it proceed to trial "upon the issues joined between the plaintiffs and defendants," and, the defendants consenting, the court ordered that it so proceed; and the latter issues, and no others, were tried by a jury.

The plaintiffs adduced evidence in the trial tending to prove that the staves and cordwood belonged to them, and the value thereof, and that they were entitled to the possession of the same.

On the other hand, the defendants adduced evidence tending to show that the staves and cord wood were cut and made from trees on the northwest quarter of section 26, township 19 south, in range 10 west, and no part of it was cut on plaintiffs' land; that the northwest quarter of section 26 formerly belonged to Pete Poole, and was forfeited by him to the state, at the time the timber was cut thereon, for more than two years, on account of the nonpayment of taxes; that Poole sold the timber on this land to the defendants, and agreed with them to redeem it; that, in pursuance of the authority given them and the sale by Poole, they cut the staves and cordwood; and that, some time after the same were cut and hauled away, Poole purchased or redeemed the northwest quarter of section 26 from the state under the act of the general assembly, entitled "An act to authorize the redemption of lands sold for taxes after they have been deeded to the state," approved April 9, 1891, and the acts amendatory thereof.

Instructions were given by the court to the jury, at the instance of plaintiffs, and at the instance of the defendants over the objections of the plaintiffs, and were asked for by the plaintiffs and refused by the court. We consider it necessary to set out only the instructions which were refused, and only two of those. They are as follows:

"(2.)   The jury are instructed that if they believe, from the evidence, that any part of the staves in controversy were cut from the lands which then belonged to the State of Arkansas, and that the defendants were trespassers in such cutting, then they cannot find such staves to be the property of either party to this trial."

"(5).   The court instructs the jury that if they find, from the evidence, that the defendants were trespassers on the said

northwest quarter of section 26, and that the title of said land was in the state of Arkansas, and that the defendants so entered [on said quarter section] and cut any part of the staves in controversy from said land, and that the state has interpleaded in thus suit for such staves; then the jury cannot find the title of such part of said staves in favor of either plaintiffs or defendants."

The jury returned the following verdict: "We the jury find for the defendants, Henry Knox and L. R. Bryant, 27,000 of the staves in controversy, of the value of twenty-five dollars per thousand, of the aggregate value of $675.00, with interest thereon at 6 per cent. per annum from December 22, 1894; also fifteen cords of wood in controversy of the value of $1.50 per cord, of the aggregate value of $22.50 with interest at 6 per cent. from December 22, 1894."

A judgment was rendered in favor of the defendants, Knox and Bryant, against the plaintiffs for the 27,000 staves, if to be had, and, if not, for the sum of $697.50, and 6 per cent. per annum interest thereon from the 22d of December, 1894. This judgment was rendered subject to the right of the state of Arkansas, and was excepted to by the plaintiffs, and was stayed for sixty days.

Plaintiffs, after filing motion for a new trial, which was overruled, and a bill of exceptions, appealed.

Appellants earnestly insist that the verdict was contrary to the evidence. The testimony produced by the appellants and that introduced by the appellees were in irreconcilable conflict. If the latter be true, appellants were not entitled to the staves or cordwood. It was within the exclusive province of the jury to determine the truth of the evidence. We cannot set aside their verdict because we may be of the opinion that they erred in so determining. As against appellants, it was sustained by evidence, except as to the interest, and as to them should not be set aside as to the right to the staves and cordwood, and the value thereof.

The circuit court did not err in refusing the instructions asked for by the appellants. The state of Arkansas was virtually and in effect made and recognized as a party to the action, and claimed the property in controversy by virtue of her

title to the land on which the staves and cordwood were cut. Appellants and appellees elected to try the issues joined by them first, and then the right of the state to the property. The jury tried the issues as they were presented to them, and found against the appellants. Having elected to try the issues in the order and manner they were, appellants have no right to complain that they were so tried.

According to the evidence one of the three parties to the action, the plaintiffs, defendants or state, were entitled to the property. The jury found that appellants were not. Their verdict, to that extent, is sustained by the evidence. The only other question to determine was, was the state entitled to it? If it was not, then, according to the verdict, the appellees were entitled to a judgment for the property. But the court erred in rendering judgment in favor of appellees for the property before the state's right to the same was determined. Until then, it could not be adjudged, and it did not appear that the appellees were entitled to the judgment. As to whether the state or appellees were entitled to the property or its possession was not decided. The judgment upon the verdict should have been suspended until the state's right should be determined, and then rendered accordingly.

The appellees are not entitled, under any circumstances, to a judgment against appellants for interest on the value of the staves and cordwood from the 22d of December, 1894, as they were not taken from their possession until the 24th of December, 1894.

The judgment is set aside, and the cause is remanded with instructions to the court to proceed in accordance with this opinion.