LAMBERT v. TUCKER.

Opinion delivered July 8, 1907.

1. REPLEVIN—INTERVENTION.—The general rule that in replevin the title and right to possession of the property must be determined by the status at the commencement of the action does not prohibit an administrator, appointed after commencement of the action, from intervening in an action of replevin by the widow of an interstate against the heirs to recover chattels claimed by the widow as part of her distributive share. (Page 418.)

2. ADMINISTRATION—POSSESSION OF PERSONAL ESTATE.—An administrator is entitled to possession of the personal property of his intestate as against the widow and heirs. (Page 419.)

3. ADMINISTRATION—CONCLUSIVENESS OF APPOINTMENT.—The action of the probate court in appointing an administrator is conclusive of the necessity for administration, and can not be collaterally attacked. (Page 419.)

4. SAME—WIDOW'S RIGHTS.—The rights of a widow in her husband's personal property can be worked out only through the administration of his estate. (Page 419.)

Appeal from Hot Spring Circuit Court; *Alexander M. Duffie,* Judge; reversed.

*E. H. Vance* and *Andrew I. Roland,* for appellant.

*Hardage & Wilson,* for appellees.

HILL, C. J. Wm. Ohaver died intestate in December, 1903, leaving a widow and no children. His nearest of kin were two sisters. He owned a homestead, consisting of eighty acres, and his personal property was variously estimated from $700 to $1,000 in value. The record is silent as to whether he owed any debts. There was no appraisement of the estate, and no administration until after this suit was begun.

After the death of Ohaver, his widow married Tucker, and they occupied the homestead and took charge of the personal property of the estate. Wm. Lambert was given power of attorney by the heirs at law of Ohaver to represent their interest in the estate. They were non-residents. He came into possession of two mules that had belonged to Tucker, and a wagon that had been purchased by Tucker, partly with his own means and partly in exchange for a wagon belonging to the estate.

Lambert testified that J. F. Tucker, the husband of the widow, and Luke Tucker, his brother, came to his house with the mules and wagon; one was drunk and the other was drinking. That he thought the property belonged to Ohaver, and that Ohaver's sisters were entitled to it, and that he, having power of attorney for them, was entitled to take possession of this team as their agent. He does not say that he took the possession of the property away from Tucker, but evidently he thought he had a right to take it.

Another witness testified that he went to Mr. Lambert's when the Tuckers were there. That one was drunk, and the other was drinking; and that Mr. Lambert asked them to stay over night, as they were in no condition to go home. That they left the mules and wagon in controversy at Lambert's, but did not stay there themselves. That is all the testimony as to how Lambert acquired possession of the property.

Afterwards, Tucker and his wife brought a replevin action against Lambert, but showed no demand for the property nor any refusal of Lambert to give it up. It may be inferred from

the testimony that Lambert, having come peacefully into the possession of the property, detained it as the representative of the sisters of Ohaver.

Lambert filed an answer in the replevin suit, setting up the title of the sisters of Ohaver and claiming the right to the possession of the property by virtue of his power of attorney from them. Subsequent to the filing of the suit Lambert was appointed administrator of the estate of Ohaver, and by leave of court intervened in the replevin suit, and set up his claim to the property as such administrator.

The case went to the jury upon several issues, one of which was whether Mrs. Tucker was entitled to the property at the time of the institution of the action, the court declaring that, if there was no legally appointed administrator at the institution of the suit, then the widow would be entitled to the possession of the property. There was also an issue as to whether Mrs. Tucker and Ohaver were ever husband and wife; but that issue has been decided in favor of Mrs. Tucker, and there is no substantial testimony against her positive statement that she and Ohaver were married.

Other issues were sent to the jury as to the right of the widow to the property in question as a part of her husband's estate, and it was stated that she was entitled to retain $300 absolutely, and also $150 worth of personal property together with all the household and kitchen furniture and wearing apparel of herself and family.

As a general proposition in a replevin suit, the title and right to possession to the property must be determined by the status at the time of the commencement of the action. Cobbey on Replevin, § § 796-7. But these principles refer to the action between plaintiff and defendant. In this case the administrator came into being by appointment of the probate court after commencement of the action, and he intervened in the action. That was the commencement of his suit, and it was against both the plaintiff and the defendant. The administrator has the right to replevy personal property belonging to his intestate's estate. Cobbey on Replevin, § § 151, 424; Shinn on Replevin, § § 66, 541.

The Code provides for any person having an interest in

property to be made a party, and he may litigate his right to a claim to the property in a replevin suit. See Kirby's Digest, § § 6012, 6865; *Hamilton* v. *Duty,* 36 Ark. 474; *Winchester* v. *Bryant,* 65 Ark. 116; Cobbey on Replevin, § 444.

Either the heirs at law or the widow might lawfully have possession of the property belonging to the estate until an administrator was appointed. Then the right of either must give way to that of the administrator. This is not unlike a plaintiff in replevin being defeated by his title passing from him after suit commenced. Cobbey on Replevin, § 798.

Neither the widow nor the heirs could disturb the possession of the other. But the administrator could disturb the possession of both, and he would be entitled to the intestate's personal property. The action of the probate court in appointing an administrator is conclusive of the necessity for administration, and can not be collaterally attacked. *Stewart* v. *Smiley,* 46 Ark. 373.

When an administrator takes possession of property, it is his duty to cause it to be appraised, and from the personal property the widow is entitled to the $300 provided by section 3 of Kirby's Digest after the same has been duly appraised, and also the allowances mentioned in section 72; and if the estate is solvent, then an additional $150 of the appraised value of the property as provided by section 74. All of her rights can be worked out through the orderly administration of the estate, and are not dependent upon her possession of the property in controversy or any other property of the estate.

Reversed and remanded. .