## WHELAN VS. EDWARDS.

RIGHT OF ACTION:
  The distributees of an estate, or their assignee, cannot maintain an action to recover a legacy or other chose in action due the intestate: The right of action is in the administrator.

APPEAL from *Chicot* Circuit Court in Chancery.

Hon. T. F. SORRELS, Circuit Judge.

*D. H. Reynolds,* for appellant.

*Rose, contra.*

HARRISON, J.:

John Whelan filed his complaint in equity against Wakeman W. Edwards, as executor of Patrick Noonan, and William H. Sutton, William A. Rotan and William D. Hill—the sureties on his bond—alleging that the said Patrick Noonan died in November, 1862, leaving a will, by which, after bequeathing to his brother, David Noonan, $2,000, and devising to his nephew, John Noonan, his lands in the State of Texas, he gave and devised the residue of his estate, both real and personal, to his two infant sons, Henry and Patrick, and appointed the said Wakeman W. Edwards executor thereof. That said Edwards proved the will and qualified as executor; and the said Sutton, Rotan and Hill were the sureties in his bond, which was in the sum of $45,000, and on the 14th day of December, 1870, his final account current was confirmed by the Probate Court, and he was discharged.

That the said Edwards had wasted the estate, and committed gross frauds, which were specifically stated, in the execution of his trust, and the legatees, who, if the estate had been faithfully administered, would have received several thousand dollars, had received nothing from the testator's personal estate.

That Patrick Noonan, the son, died in 1864, at the age of two years, leaving as his next of kin his brother Henry Noonan,

and Henry Noonan died in 1866, at the age of six, leaving as his next of kin his three sisters of the half blood on the maternal side, Mary Daily, since intermarried with Moses Graham, Elizabeth Daily, since intermarried with Jonathan Graham, and Margaret Daily.

And that Moses Graham amd wife, Jonathan Graham and wife, and Margaret Daily, had sold and transferred their interest in the estate to the plaintiff.

And praying that the account current of Edwards might be opened and re-stated in accordance with the true facts and justice of the case, and that the defendants be decreed to pay the plaintiff the amount that might be found due.

Edwards and Sutton were constructively summoned, but did not appear. Rotan and Hill demurred to the complaint, as not stating facts sufficient to constitute a cause of action; their demurrer was sustained, and the complaint was dismissed. The plaintiff appealed.

The administrator only, and not the distributees of either Patrick Noonan or Henry Noonan, could maintain an action for his legacy, or in regard to his interest in the testator's estate.

This doctrine, that the next of kin, or distributees of a deceased person's estate, cannot as such maintain an action for the recovery of the choses in action and personal assets of the estate, but that the suit for the same, either at law or in equity, must be by the executor or administrator, has been repeatedly declared by this court. *Lemons' heirs* v. *Rector*, 15 Ark., 437; *Pryor* v. *Ryburn*, 16 ib., 671; *Anthony* v. *Peay*, 18 ib., 24; *Worsham* v. *Feild*, 18 ib., 448; *Atkins* v. *Guice*, 21 ib., 179; *Pope's heirs* v. *Boyd*, 22 ib., 535; *Norwood* v. *Holliman*, 27 ib., 445; *Jacks et al.* v. *Adair et al., ante.*

As a matter of course, if the distributees could not maintain such action, their assignee cannot.

The decree of the court below is affirmed.