WASHINGTON NATIONAL INSURANCE COMPANY *v.* CLEMENT.

4-4201

Opinion delivered March 2, 1936.

*Malcolm W. Gannaway,* and *William D. Hopson,* for appellant.

372

*John R. Thompson* and *Robert L. Rogers, II,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant to recover $165 for injuries he sustained while in an automobile on an insurance policy issued by appellant to him providing payment to him of $30 a week during total disability resulting from an accident while in an automobile. Appellant admitted the issuance of the policy, that same was in force and effect at the time of the accident, and total and partial disability as a result thereof, which damaged appellee in the sum of $165, but denied liability on the ground that appellee was injured while driving his car in an intoxicated condition contrary to law, specifically setting out a clause in the policy which provided that the policy did not cover any injuries sustained by appellee while violating the law.

In the course of the trial, appellant proved that appellee was convicted in a court of competent jurisdiction for a violation of the criminal law by driving his car while intoxicated at the time he received the injuries made the basis of his suit on the insurance policy. It also proved by other witnesses that the appellee was intoxicated at the time he received his injuries.

Appellee introduced witnesses who testified that he was not intoxicated at the time of the accident.

Upon the conclusion of the testimony, appellant requested a peremptory instruction on the ground that appellee's conviction in a court of competent jurisdiction was conclusive of the issue of fact as to whether appellee was intoxicated at the time of the accident, and was *res judicata* as to the fact in a subsequent civil proceeding. The trial court refused to peremptorily instruct a verdict for appellant, and over the objection and exception of appellant sent the case to the jury to determine whether appellee was intoxicated at the time he received his injuries, instructing them that if he was intoxicated at the time to return a verdict against him in favor of appellant.

The jury returned a verdict in favor of appellee for $165, penalty, and attorney's fee, and from the judg-

ment rendered in accordance with the verdict defendant has duly prosecuted an appeal to this court.

Appellant contends for a reversal of the judgment on the ground that the court erred in sending the case to the jury.

The evidence was in conflict as to whether appellee was violating the law by driving his car while intoxicated unless his conviction for the crime was conclusive and binding in a subsequent civil action. In 15 R. C. L., page 1000, § 476, it is stated:

"The general rule is that a judgment in a criminal prosecution is no bar to a subsequent civil action arising from the same transaction, and that the record of the criminal cause is not competent evidence in the civil action, save for the single purpose of proving its own existence, if that becomes a relevant fact, in which case not only is it admissible, but it is conclusive for the purpose of establishing the fact that it has been rendered. It cannot, however, be given in evidence in a civil action to establish the truth of the facts on which it was rendered. Hence one prosecuted and convicted of a criminal charge is not thereby estopped from maintaining a civil action and proving therein that he was innocent of the offense of which he was convicted."

The general rule is also stated in 34 C. J., page 970, § 1387, as follows: "By the great weight of authority, and in the absence of any statute to the contrary, a judgment or sentence in a criminal prosecution is neither a bar to a subsequent civil proceeding founded on the same facts, nor is it proof of anything in such civil proceeding, except the mere fact of its rendition."

No error appearing, the judgment is affirmed.