JENSEN *v.* HOUSLEY, ADMINISTRATOR.

4-7428                                             182 S. W. 2d 758

Opinion delivered October 16, 1944.

*Jay M. Rowland, Leo P. McLaughlin* and *Owens, Ehrman & McHaney,* for appellant.

*Samuel Shamberg* and *Curtis L. Ridgway,* for appellee.

ROBINS, J. Appellant, Mrs. Borghild Jensen, brought suit in the lower court against appellees, J. Earl Housley, administrator of the estate of Charles M. Schoen, deceased, and Roy Schoen, son of Charles M. Schoen, deceased, praying for specific performance of an oral contract alleged to have been entered into between appellant and Charles M. Schoen, deceased, in 1928, by which Schoen agreed that, if appellant would accompany him from Chicago to Hot Springs, keep house for him, look after his property and take care of him, appellant would receive all of Schoen's property upon his death. Appellant alleged that she had performed the undertakings of said contract on her part and was entitled to all of Schoen's real estate and personal property. Schoen was

the owner of a dwelling house in Hot Springs, household goods located therein, and certain real estate in Chicago.

Appellees in their answer denied the existence of the contract relied upon by appellant and pleaded in bar of any right of appellant a judgment of the Garland probate court disallowing a claim for $3,900 filed by appellant against the estate of Schoen for her alleged services to Schoen before his death. Appellees further alleged that it was necessary to sell the Garland county real estate to pay Schoen's debts and that after payment of the debts appellee, Roy Schoen, was entitled to the remainder of his father's property. By way of cross-complaint appellees alleged that at the time of his death the said Charles M. Schoen, deceased, had approximately $9,000 in currency and a diamond ring of the value of $750 which appellant had concealed and converted to her own use, and that appellant was indebted to the estate in the sum of $1,015 for rent on the dwelling house occupied by her after Schoen's death, and judgment against appellant for the amount of these items was prayed by appellees.

The court found that the administrator was entitled to the proceeds of all of the real and personal property described in the complaint for the purpose of paying the debts of the estate and the costs of the administration; that there was no valid contract between Schoen and appellant by which his property was to become the property of appellant upon his death; that the money sought to be recovered by the administrator upon his cross-complaint had been given to appellant before the death of Schoen and was her property, but that there was no valid gift of the diamond ring which appellant claimed Schoen had given to a relative prior to his death and which appellant had turned over to this relative after Schoen's death; and that the administrator was entitled to recover from appellant the said ring or its value, which was found to be $750; and that the administrator was entitled to judgment against appellant for rent on the home and furniture at the rate of $25 per month from

June 22, 1940. From decree entered in accordance with these findings both sides have appealed.

The validity of an oral contract to make a will has long been recognized and such contracts have often been enforced by the courts. *Hinkle* v. *Hinkle,* 55 Ark. 583, 18 S. W. 1049; *Naylor* v. *Shelton,* 102 Ark. 30, 143 S. W. 117, Ann. Cas. 1914A, 394; *Fred* v. *Asbury,* 105 Ark. 494, 152 S. W. 155; *Williams* v. *Williams,* 128 Ark. 1, 193 S. W. 82; *Speck* v. *Dodson,* 178 Ark. 549, 11 S. W. 2d 456; *Schwegman* v. *Richards,* 184 Ark. 968, 43 S. W. 2d 1088. But it is equally well settled that the testimony to establish such a contract must be clear, satisfactory and convincing. *Kranz* v. *Kranz,* 203 Ark. 1147, 158 S. W. 2d 926; *Sheffield* v. *Baker,* 201 Ark. 527, 145 S. W. 2d 347; *Williams* v. *Williams,* 128 Ark. 1, 193 S. W. 82; *Walk* v. *Barrett,* 177 Ark. 265, 6 S. W. 2d 310; *Tucker* v. *Wycough,* 194 Ark. 840, 109 S. W. 2d 939. As was said by the court in the case of *Kranz* v. *Kranz, supra,* wherein it was sought to establish such a contract, "it is not sufficient that he establish it by a preponderance of the testimony, but that he must go further and establish the contract by evidence so clear, satisfactory and convincing as to be substantially beyond a reasonable doubt."

Appellant sought to establish the contract relied on by the testimony of herself and Sterling C. Couch. Mr. Couch testified as to conversations with the deceased which might be said to indicate a belief or wish on the part of Schoen that appellant would receive his property, but did not testify as to any statement by the deceased that would establish that such a contract had been made. Mr. Couch identified as being in Schoen's handwriting an instrument written, dated and signed by Schoen, but not witnessed, in which he willed all of his property to appellant. This instrument has never been offered for probate as a holographic will, doubtless for the reason that Roy Schoen, the son of the deceased, was not mentioned therein and therefore, in this state, it was ineffective to prevent Roy Schoen from inheriting as a pretermitted child. A letter written by Schoen to his lawyer, in which he stated that he had transferred the

Chicago property to appellant, was also identified by Mr. Couch.

Appellant testified that Mr. Schoen had been married, but was divorced. (Appellant apparently had been married, but whether her marriage had been terminated by death of her husband or divorce does not appear in the record.) She testified that she had been working for Mr. Schoen in Chicago for some time when, in 1928, he proposed to her that, if she would accompany him to Hot Springs, keep house for him there, look after him and attend to his property for him, she would receive all of his property, and that in pursuance of this agreement she became his housekeeper and companion, doing his cooking, marketing and household work, as well as assisting him in looking after his business, up until his death, which occurred on June 13, 1940. She introduced in evidence a number of letters written to her by the deceased while she was on a visit to Chicago. These letters reflect the existence of a close relation between the parties and a strong affection on the part of Schoen toward appellant, and also indicated that he did not look upon appellee, Roy Schoen, as a son. There was no proof, however, to the effect that Roy Schoen was not a son of Charles M. Schoen, and this relationship was impliedly recognized by appellant in a pleading filed by her in which she asked that Roy Schoen be required to execute a deed conveying all the real estate involved herein to her.

Section 5154 of Pope's Digest of the laws of Arkansas provides: "In civil actions, no witness shall be excluded because he is a party to the suit or interested in the issue to be tried. Provided, in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party. Provided further, this section may be amended or repealed by the General Assembly." Constitution, Sched. § 2.

The authorities agree that a suit to enforce a contract to make a will, where the administrator is a necessary party, is in the category described in this statute. "Statutes as to the admissibility of testimony of transactions or conversations with deceased persons apply to actions involving contracts to will, and evidence of matters coming within the operation of such statutes is inadmissible." 68 C. J., p. 599 (note 85 (d) ). In Page on Wills, vol. 4, § 1751, the rule is thus stated: "In an action to enforce a contract to devise or bequeath property, after the death of the promisor, the promisee is not a competent witness to testify to the existence of such contract. . . ."

The administrator of Schoen's estate was a necessary party in this action. Appellant sought judgment against the administrator for both real estate and personal property. The administrator claimed the right of possession of the real estate on the ground that same was necessary to pay debts of the estate. This necessity was denied by appellant. By § 66 of Pope's Digest, it is provided: "Lands shall be assets in the hands of the executor or administrator, and shall be deemed in their possession and subject to their control for the payment of debts," and in *Chowning v. Stanfield*, 49 Ark. 87, 4 S. W. 276, it was held that an administrator might enforce his right of possession of the intestate's land when necessary for the payment of debts without the heirs being made parties.

The right of possession of the personal property of a decedent vests in his administrator upon his appointment. In the case of *Lambert v. Tucker*, 83 Ark. 416, 104 S. W. 131, we held (headnote 2): "An administrator is entitled to possession of the personal property of his intestate as against the widow and heirs." The rule is thus stated in C. J. S., vol. 33, p. 1341: "It is well established that as a general rule the legal title to personal property of which decedent died possessed does not vest at his death in his next of kin or distributees, . . . but vests, for the time being, in his executor or administrator, . . ." *Whelan v. Edwards*, 31 Ark. 723; *Pryor*

v. *Ryburn,* 16 Ark. 671; *Lemon's Heirs* v. *Rector,* 15 Ark. 436; *Oldham* v. *Melton,* 205 Ark. 240, 168 S. W. 2d 387.

Since a judgment against the administrator for the personal property of the deceased was prayed by appellant in her complaint, it is obvious that, regardless of the situation as to the real estate, the administrator was a necessary party to this suit and that it was an action in which the testimony of a party as to transactions with the decedent was declared incompetent under the provisions of § 5154 of Pope's Digest, *supra.* Therefore, appellant was not a competent witness to establish the contract relied upon by her.

Aside from appellant's testimony, there was very little evidence tending to establish the existence of the contract which she sought to enforce, and her testimony, even if competent, was considerably weakened by her admission that she had filed a claim against Schoen's estate for the value of the same services to Schoen that form the consideration of the contract to devise which she relies on in the instant suit. *Sheffield* v. *Baker,* 201 Ark. 527, 145 S. W. 2d 347. The lower court did not err in finding that the testimony was insufficient to establish the existence of the contract sued on.

The testimony as to the currency which Mr. Schoen had on hand at the time of his death, though rather meager, tended to establish that this money had been given by Schoen to appellant before Schoen's death, and had been in her actual possession for some time before his last illness. As to the diamond ring, it was shown that the gift of this ring to Mrs. Fisher, as claimed by appellant, was never consummated by delivery thereof to her or to anyone for her during the lifetime of Schoen. "To constitute a valid gift, there must be actual delivery of the property." *Williams* v. *Johnston,* 84 Ark. 109, 104 S. W. 789.

We hold therefore that the decree of the chancery court denying recovery against appellant for the money alleged to have been concealed and converted by her, and

granting judgment in favor of the administrator for the value of the diamond ring was correct.

In the order made by the probate court allowing appellant's claim for certain outlays made by her she was charged with the rent on the dwelling house at the rate of $25 per month from June 22, 1940, until the date of the order (December 2, 1941) and this was deducted from the amount otherwise found to be due appellant and a judgment was rendered in her favor for the balance. Since in the decree in the case at bar it was ordered that any amount therein adjudged to be due from appellant should be offset against the amount allowed to her under the order of the probate court, it was error for the lower court to render judgment against appellant for rent on the dwelling house from June 22, 1940, up until the date of the order of the probate court, and the decree herein should be modified so as to grant recovery in favor of the administrator against appellant for rent at the rate of $25 per month only for the period beginning December 2, 1941.

The lower court in its decree continued in force pending appeal its temporary order enjoining appellant from disposing of certain shares of capital stock of the Arkansas Power & Light Company, which had been purchased by Charles M. Schoen in his lifetime and placed in the name of himself and appellant jointly, with right of survivorship, and enjoining appellee, Roy Schoen, from disposing of the real estate in Chicago owned in his lifetime by Charles M. Schoen, and also the rents collected therefrom. The decree of the lower court is modified so as to abate this injunction as against both appellant and appellee, Roy Schoen. The evidence clearly shows that the title to the stock in the Arkansas Power & Light Company vested in appellant on the death of Charles M. Schoen. Equally clear it is that the court had no jurisdiction to make any order affecting the title of the real estate in Chicago. As to that property the parties stand as if the instant litigation had not occurred.

As modified herein the decree of the lower court is affirmed; and appellant will be required to pay one-half

of the costs in both courts, and appellees will pay the other half of said costs.