CITY OF LITTLE ROCK *v.* BLACK MOTOR LINES, INC.

4381                                      186 S. W, 2d 665

Opinion delivered April 9, 1945.

*Cooper Jacoway* and *Wm. J. Kirby,* for appellant.

*Louis Tarlowski,* for appellee.

ROBINS, J. The question to be decided is whether appellant, city of Little Rock, may require payment of annual license fee of $5 on certain freight trucks belonging to appellee, Black Motor Lines, Inc. Appellant asserted this right under an ordinance by which "every resident of the city of Little Rock keeping and using an automobile . . . or motor driven truck in the city of

Little Rock'' is required to procure a license tag for every such vehicle and to pay the city therefor the sum of five dollars. The ordinance was adopted under the authority of § 1 of Act 289 of the General Assembly of Arkansas, approved March 17, 1919, by which cities of the first class were empowered to require ''residents,'' for the privilege of keeping and using motor vehicles, to pay a tax not to exceed five dollars per annum.

Appellee is an Arkansas corporation, domiciled at El Dorado, engaged in the business of hauling freight for hire within and without the state. Its principal place of business is at El Dorado, but it maintains a terminal in the city of Little Rock, for the loading and unloading of freight. From this terminal it operates certain road trucks, used for long distance hauling, and a number of smaller ''pick-up'' trucks used partly for long distance hauls, but principally for hauling freight between its terminal in Little Rock and the establishments of its customers in the same city. Appellee has complied with the laws of Arkansas regulating common carriers of freight by truck, and has received from the Arkansas Corporation Commission certificate authorizing it to engage in the operation of a freight line; and all its trucks carry proper Arkansas license tags. Appellee has also received certificate from the Interstate Commerce Commission under which it is licensed to do interstate hauling.

The lower court found appellee was not guilty of violating the city ordinance referred to, and sustained all three of appellee's contentions: (1) That by the provisions of the state law authorizing licensing of freight carriers by the Corporation Commission cities were expressly forbidden to charge a license fee on vehicles owned by a licensed carrier; (2) that appellee was not a resident of the city of Little Rock within the meaning of the ordinance providing for the license fee or of the Act of the General Assembly authorizing such ordinance; (3) that appellee was exempt from the city tax by reason of being an interstate carrier.

The General Assembly of 1927, by Act No. 99, approved March 4, 1927, provided for the licensing by the state of freight truck carriers. The act was a comprehensive one, providing for publication of tariffs, regulation thereof by the Railroad Commission, collection of privilege tax from the carrier based on a percentage of gross receipts, and contained this provision: "Section 10. No city or town shall impose any tax or license upon any motor vehicle carrier licensed under the provisions of this act." This act was amended by Act No. 62 of the General Assembly, approved February 27, 1929. In this amending act many changes in the previous act were made, but § 9 of the latter act is as follows: "No city or town shall impose any tax or license upon any motor vehicle carrier licensed under the provisions of this act." The General Assembly of 1941 (Act 367, approved March 26, 1941) enacted what is designated as "Arkansas Motor Carrier Act, 1941," by which a complete system of licensing and regulating motor carriers was set up. Section 26 of this act is as follows: "All laws and parts of laws in conflict with the provisions of this act are hereby repealed, except, however, that this act shall be cumulative and in addition to the provisions of. . . . sections 10 and 11 of Act 99 of 1927, and § 9 of Act 62 of 1929." Section 10 of the first named act and § 9 of the last mentioned act forbid the charging by a city or town of a license fee against the vehicles of motor carriers who have been duly licensed by the Corporation Commission.

It thus appears that from the passage of the first regulatory act in 1927 the Legislature has definitely and continuously expressed its intention not to allow cities and towns to charge a license fee against vehicles used by motor carriers who comply with the state law and obtain proper license from the state to engage in hauling freight for hire. Municipalities being the creatures of the Legislature, the Legislature has the right at any time, when no vested right may be impaired, to enlarge or diminish the powers of cities and towns. In *Kitchens* v. *Paragould*. 191 Ark. 940. 88 S. W. 2d 843. we said: "We

regard as axiomatic that cities and towns are creatures of the Legislature, subject to its control, and that they can function only within the limits fixed by law.'' To the same effect is our holding in *Eagle* v. *Beard,* 33 Ark. 497. ''It is a general principle . . . that municipal corporations hold and exercise their powers subject to legislative control, and it has been laid down as a broad rule that the legislative authority over the civil, political, and governmental powers of municipal corporations is supreme except as limited by the state and Federal Constitutions.'' 37 Am. Jur., p. 689.

It was not necessary for the Legislature, in curtailing the broad power given to cities and towns to tax motor vehicles by Act 289 of the General Assembly of Arkansas, approved March 17, 1919, in the later acts to make explicit reference to the earlier act. A statute may be amended by necessary implication under the provisions of a later act, although the statute amended is not mentioned in the amending act. *Porter* v. *Waterman,* 77 Ark. 383, 91 S. W. 754; *Pace* v. *State, Use Saline County,* 189 Ark. 1104, 76 S. W. 2d 294.

Since appellant was forbidden by the state law to collect the license fee herein involved it becomes unnecessary for us to pass upon the other matters of defense urged by appellee. The judgment of the lower court is affirmed.