SMITH *v.* DEAN.

5-935                                             290 S. W. 2d 439

Opinion delivered May 21, 1956.

*McCourtney, Brinton, Gibbons & Segars,* for appellant.

*John S. Mosby,* for appellee.

GEORGE ROSE SMITH, J.   In 1953 the appellant, Vanteen Dean Smith, was convicted of having murdered her

former husband, Harold Dean. *Smith* v. *State,* 222 Ark. 650, 262 S. W. 2d 272. Thereafter she filed a petition in the probate court, asking (a) that Dean's entire estate be vested in her as the surviving tenant by the entirety, and (b) that in the alternative she be allowed the widow's statutory allowance of $1,000. Ark. Stats. 1947, § 62-2501. This is an appeal from an order denying both claims.

Dean's estate consists of personal property that was ostensibly owned by him alone. This property was duly inventoried by the administrator, who is a necessary party to a proceeding involving the title. *Jenson* v. *Housley,* 207 Ark. 742, 182 S. W. 2d 758. In contending that an estate by the entirety really existed the appellant relies solely on her own testimony to the effect that she and her former husband contributed their respective earnings to the purchase of the property and intended to own it jointly. This testimony clearly relates to transactions with the decedent and was properly objected to as being inadmissible under the dead man's statute. Ark. Const., Schedule, § 2. There is no other proof to show that the supposed tenancy by the entirety ever existed.

In resisting the claim for statutory allowances the appellees rely on Ark. Stats., § 61-230, which provides that when one spouse kills the other and is convicted of murder the one so convicted shall not be "endowed" in the estate of the decedent. The section in question is part of Act 313 of 1939, and a reading of that act as a whole shows that it was intended to apply only to dower and curtesy, not to the widow's statutory allowance.

Apart from statute, however, it is a familiar principle of law that one who wrongfully kills another is not permitted to share in the other's estate, to collect insurance on his life, or otherwise to profit by the crime. *Horn* v. *Cole,* 203 Ark. 361, 156 S. W. 2d 787; Rest., Restitution, § 187. That principle would control this case were it not for the fact that the record contains no legal proof that the appellant killed Harold Dean. We cannot take judicial notice of the facts disclosed by the record in

the earlier criminal proceeding. *Murphy* v. *Citizens' Bank of Junction City,* 82 Ark. 131, 100 S. W. 894, 11 L. R. A. N. S. 616.

At the trial below the appellees introduced a certified copy of the judgment of conviction, but it is the settled rule in this state that such a judgment is not admissible to prove the facts on which it was based. *Horn* v. *Cole, supra; Washington Nat. Ins. Co.* v. *Clement,* 192 Ark. 371, 91 S. W. 2d 265. We realize that the soundness of this rule is not universally conceded. The arguments for and against it were analyzed in detail by Dean Wigmore, who concluded that the application of the principle should be relaxed in certain ''exceptional situations.'' Wigmore on Evidence (3d Ed.), § 1671a. Even if the question were one of first impression we would hesitate long before declaring that the present majority view is wrong. Much more is involved than the mere formality of retrying an issue already decided, for even the critics of the rule do not contend that the prior decision should be conclusive. All concede that the opportunity for a retrial should be afforded, and presumably that opportunity would be taken advantage of in most cases by the party dissatisfied with the outcome of the first trial. Thus the minority rule does not do away with the need for a reexamination of the issue previously determined. On the other hand, the practical advantage of the traditional view lies in its assurance that in every case the triers of the fact will have the testimony itself before them and not merely a written record of the conclusion reached by some other tribunal—a conclusion that may have been influenced by factors not relevant to the later case. Since we are not convinced that our own precedents are demonstrably wrong we think it best to preserve certainty in the law by declining to overrule our earlier decisions. It follows that there is no competent evidence to show that the appellant has forfeited her right to the statutory allowance. We express no opinion as to whether proof of the conviction alone would be suffi-

cient to bar dower under Ark. Stats., § 61-230, *supra,* as the appellant did not claim dower in Dean's estate.

Affirmed as to the asserted tenancy by the entirety, reversed as to the statutory allowance.

HOLT, J., dissents.

J. SEABORN HOLT, J., dissenting. I would affirm this case in its entirety.

The appellant, Vanteen Dean Smith, was convicted of the crime of second degree murder, a felony, on evidence that showed she had killed her husband, Harold Dean, by poisoning. She was sentenced to serve, and did serve, a term in our State Penitentiary. On appeal to this court we affirmed the judgment, *Smith* v. *State,* 222 Ark. 650, 262 S. W. 2d 272, and in that opinion said: ". . . the evidence was sufficient to have supported a conviction for first degree murder."

The majority holds that the introduction of a certified copy of the judgment of appellant's conviction of a *felony,* was not sufficient to prove the facts on which the judgment was based. In other words, that there was no competent proof that appellant actually killed her husband. I do not agree. It seems to me that we should here and now adopt the fair and common sense rule, sanctioned by sound reasoning, that the offer in evidence of a certified copy of the judgment of a felony conviction, in the trial of a later civil case is sufficient evidence of the facts on which it was based. This procedure appears now to be in accord with the modern trend of decisions in many of the courts of this nation. As I view it, to require the appellees here to prove over again that appellant killed her husband, in the teeth of a jury verdict and the solemn decision of this court that she did, would be little short of ridiculous. In support of my views *McCormick on Evidence,* Page 619, has this to say: ". . . a growing minority of courts . . . has insisted that common sense and consistency of adjudication require that a judgment of conviction, offered against the person convicted in a later civil case involv-

ing some of the same issues, be admitted as evidence of the facts on which the judgment was based. This view was embodied in the Model Code, and has been sanctioned by the Uniform Rules with the important limitation to convictions for felony. . . . Rule 63(20) makes admissible 'evidence of a final judgment adjudging a person guilty of a felony, to prove any fact essential to sustain the judgment'.

Probably the trend of evolution will be toward the admission generally against a present party of any judgment or finding in a former civil or criminal case if the party had an opportunity to defend. The principles on which is founded the hearsay exception for official written statements would justify this extension." We said in the *Horn* v. *Cole Case,* 203 Ark. 361, 156 S. W. 2d 787, "We think that the principle of sound public policy which demands that a sane, felonious killer should not profit by his crime should be applied as often as and whenever any claim is made by such killer, whether under contract, will, or statute. The decisions which we prefer to follow attain the result which everyone (and even the cases holding the contrary) admits ought to be attained if possible." I think all will agree that appellant ought not to be allowed to profit by her own felonious act.