MERRELL *v.* SMITH.

5-1363                                                306 S. W. 2d 700

Opinion delivered November 4, 1957
[Rehearing denied December 2, 1957.]

168

*J. G. Sain* and *Tom Kidd,* for appellant.

*Shaver, Tackett & Jones,* for appellee.

CARLETON HARRIS, Chief Justice. John F. Merrell died in March, 1928, intestate as to an undivided one-half interest that he owned in 220 acres of land in Howard County. Maymie E. Whitmore, a niece, owned the other undivided one-half interest in said lands. Merrell was survived by certain sisters (not parties herein), three nephews, Clay Merrell,[1] George Merrell, and Alger Merrell, and his niece, Maymie E. Whitmore. The sisters of John F. Merrell conveyed their interest in the property to Mrs. Whitmore, as did Clay Merrell, leaving only her brothers, Alger and George Merrell,

---

[1] Died in 1952, leaving no children.

with an interest in the property. On September 7, 1945, George Merrell and wife, Iva M. Merrell, executed a quit-claim deed to Maymie Whitmore, conveying their interest in said land, and on September 28, 1945, Alger Merrell and wife, Florence, likewise executed a quit-claim deed, conveying their interest in the land. On November 10th of the same year, Joe Whitmore, husband of Maymie, died, and she moved to the home of her brother, George, residing there for a few months, then moving to herself. Mrs. Whitmore died testate on August 31, 1954, leaving surviving her the two brothers, Alger Merrell and George Merrell; however, Mrs. Whitmore had executed a will on November 12, 1945, naming one A. L. Davis as sole beneficiary of her estate, and naming Dr. W. Decker Smith as executor. George Merrell died November 2, 1954, leaving his widow, Iva, and three children, Laura Mae Sieveka, Polly Ladenberg, and Edwin C. Merrell, who, together with Alger Merrell, constitute the appellants herein.

Following Mrs. Whitmore's death, the will was admitted to probate, and Dr. Smith was named executor; on December 6, 1954, appellants (excluding Iva Merrell) filed pleading contesting the will on the basis that the execution of same had been obtained through "influence, persuasion, promises, fraud, and means unknown to the contestants," by A. L. Davis, and further, that Alger Merrell and George Merrell had executed the aforementioned deeds to Maymie Whitmore under an oral agreement or contract, "the consideration being that if the said lands were not sold, the title to same was to revert to them at her death, but if the lands were sold, the proceeds from such sale were to be used by her for necessary living expenses, if needed by her, only, and the remainder of money on hand at her death was to be and become the property of Alger and George Merrell." On hearing the cause, the Probate Court held the will to be valid, and properly admitted to probate; found that Mrs. Whitmore had testamentary capacity to execute the will, did execute same without improper influence, and further found that appellants had failed to adduce competent testimony to establish

the contract. On appeal, this Court upheld the action of the Howard Probate Court in admitting the will to probate, but remanded the case with directions that it be transferred to equity for further proceedings, since the Probate Court had no jurisdiction to determine whether specific performance of the alleged agreement should be ordered.[2] In accordance with the mandate, this cause was transferred to the Howard Chancery Court, and after the filing of additional pleadings,[3] was heard by that tribunal. On April 11, 1957, the court dismissed appellants' complaint for want of equity, and from such decree comes this appeal.

Several points are raised in urging a reversal, but practically all relate to the refusal of the court to admit the testimony of appellants at the trial of this cause. Our constitution, under "Schedule", Section II, provides as follows:

"In civil actions no witness shall be excluded because he is a party to the suit or interested in the issue to be tried. Provided, that in actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party * * *"

It is first argued the court erred in ordering, upon motion of appellees, that Iva M. Merrell be made a party in the case. As stated, Mrs. Merrell is the widow of George Merrell, and mother of appellants, Laura Mae Sieveka, Polly Ladenberg, and Edwin C. Merrell. Under a deed dated December 1, 1954, Iva Merrell conveyed all of her interest in her deceased husband's estate to the three children. While the deed shows the above date, the notary who took the acknowledgment testified

---

[2] See *Merrell* v. *Smith, Special Administrator*, 226 Ark. 1016, 295 S. W. 2d 624.

[3] Appellants amended their complaint alleging further that Maymie Whitmore agreed to make a will leaving all her property to Alger and George Merrell in consideration of their executing the 1945 deeds to her.

that to the best of her recollection, same was acknowledged on January 7, 1957, and the record reflects that the deed was recorded in Howard County on January 10, 1957. January 7th, incidentally, was the same date that appellees filed their motion asking that Mrs. Merrell be made a party to the proceedings. On January 16th, Mrs. Merrell affirmed this deed by executing a second quit-claim deed to the same parties and Alger Merrell. Appellants contend that Mrs. Merrell should not have been made a party because she had no interest in the estate, and was accordingly a competent witness. Appellees argue that the conveyance was only executed for the purpose of enabling Iva Merrell to testify. The trial court took the position that permitting Mrs. Merrell to testify would certainly indirectly violate the constitutional prohibition. In the words of the court, ''Will the courts allow a person to do indirectly what our law prohibits?'' Appellants also contend that Mrs. Merrell had no interest because her husband was never seized, nor in possession, of any part of Mrs. Whitmore's estate. It is argued that he only had a half interest in a contract for the property, and that any rights under the contract had never been recognized by Mrs. Whitmore, her executor, or her beneficiary. Actual possession was not required. Seisin, in law, is defined by Bouvier's Law Dictionary, Vol. II, 3rd Revision, as ''A right[4] of immediate possession according to the nature of the estate.'' If appellants' contentions are valid, George Merrell had such a right, consistent with the rights of his brother, Alger. It seems rather inconsistent for appellants to contend, on the one hand, that their father was not seized of whatever interest he had in Maymie Whitmore's properties, and on the other hand, to vigorously contend that they are entitled to a part of the estate . . . which would be *through their father*. It is immaterial, of course, that his interest was limited, nor did the attitude of Mrs. Whitmore, her executor, or beneficiary, affect in any manner his legal status in regard to her properties. Since George Merrell lived for something over two months after the

---

[4] Emphasis supplied.

death of his sister, his widow, Iva M. Merrell, was entitled to her statutory rights in any property that her husband might be entitled to receive from the sister. We are of the opinion that logic and sound practice would require that Iva Merrell be made a party to the action[5]. To hold otherwise could well create considerable confusion and possible evasion of the constitutional requirement. For instance, let us say that A, B, C, and D contend that they entered into a contract with E, now deceased, during his lifetime. In order to avoid the constitutional provision, and thus prove their agreement, A, B, and C all convey any interest they might have in the contract to D. There would then be no reason why the three could not testify as to agreements and transactions with the deceased, and thus establish facts otherwise inadmissible. We hold there was no error in making Iva M. Merrell a party to the cause.

It is next contended that appellees waived their motion to make Mrs. Merrell a party. The motion was filed on January 7, 1957, and an answer, denying the material allegations of the complaint, was filed on January 15th. Appellants contend that when the answer was filed, the motion was waived. Suffice it to say that on January 23rd, appellees filed an amendment to their answer expressly reserving all rights under the motion. Appellants did not object to the amendment nor seek to strike same from the pleadings. They did not question the authority of appellees to amend the answer. In fact, it was only after Mrs. Merrell had been made a party to the suit, and after the trial had commenced, that appellants raised the point that appellees had filed an answer before the court had passed upon the original motion to make Iva M. Merrell a party. Since the validity of the amended answer was not challenged in the trial court, we are not called upon to pass upon the matter.

It is likewise contended that appellees, because they did not ask that Iva Merrell be made a party to the probate proceedings, were estopped from asserting that

---

[5] Whether Mrs. Merrell conveyed this property in good faith is entirely immaterial in this case.

she was a necessary party in this case. We do not consider the argument valid. Additional questions were before the Probate Court, i. e., the issues were not the same. Appellants have not been misled nor caused to change their position because Mrs. Merrell was not a party to the probate action. This suit for specific performance is an entirely different case, having no connection with the matter that was properly heard by the Probate Court (whether the will should be admitted to probate). We therefore, are not presently concerned with the pleadings in that cause.

It is further argued that the trial court should have permitted the introduction into evidence of the transcript of the probate case, including depositions of appellants herein taken on interrogatories, it being contended that since appellees crossed the interrogatories, the constitutional provision was waived. In addition to the fact that this case was an entirely different proceeding, relating to an entirely different cause of action, it is observed that every appellants' witness who testified in the probate case, either testified in person or by d e p o s i t i o n in this cause; further, objections were made and exceptions saved to questions and answers relating to the alleged contract.

This brings us to appellants' argument that the court improperly excluded pertinent portions of the depositions of Alger Merrell, Iva M. Merrell, and her children, Laura Mae Sieveka, Polly Ladenberg, and Edwin Clay Merrell, taken in the instant cause. Here, appellees did not cross the interrogatories, and they made timely objections to all testimony concerning the alleged oral contract. Such evidence was clearly inadmissible under the "dead man's statute."

The only competent evidence on behalf of appellants was that of Mrs. Florence Merrell, wife of Alger Merrell. She testified that:

"* * * Joe told Alger and George that he and Maymie wanted to sell the farm and move to town, so as to be near a doctor, as he said he was in very bad shape physically, both Joe and Maymie said if Alger and

George would make them deed to the lands that Maymie would will all her possessions to Alger and George at her death. Both Alger and George told that they would make the deeds if she would do as she said. She raised her hand and said, 'If there is a God in Heaven, I will do as I have said.' * * * She was to live with George Merrell. * * * Alger and George were to get all her estate. * * *,"

Unanswered by her testimony, is the question of disposition of the property if Maymie Whitmore should have died before Joe. Would Joe have made a like will? Was he to live with one of the brothers? Even more puzzling is the fact that though Mrs. Whitmore lived for approximately nine years after the alleged contract was entered into, the record does not show that any demand was ever made upon her during that period to execute a will in fulfillment of the alleged agreement.

Appellants contend that the court erred in admitting the testimony of one D. L. Cassady, whose evidence dealt with possible reasons for Maymie Whitmore leaving the property to A. L. Davis. Irrespective of the competency of this evidence, it carries no weight with us in determining this litigation.

To establish a contract to make a will, the proof must be clear, satisfactory, and convincing. *Jenson* v. *Housley, Administrator,* 207 Ark. 742, 182 S. W. 2d 758; *Sheffield, Executor, et al,* v. *Baker,* 201 Ark. 527, 145 S.W. 2d 347; *Kranz* v. *Kranz,* 203 Ark. 1147 (unreported), 158 S. W. 2d 926. In the latter case, a son sought to specifically enforce an alleged oral contract with his father, wherein the father, in consideration of care given him, was to leave to the son the home. This Court, in rejecting the claim of the son, said:

"* * * This court has many times announced the rule that in order to establish a contract, of the nature present here, the burden is on the one attempting to establish the contract, and that it is not sufficient that he establish it by a preponderance of the testi-

mony, but that he must go further and establish the contract by evidence so clear, satisfactory and convincing as to be substantially beyond a reasonable doubt. * * *,,

The competent evidence in this record falls short of meeting the test.

Affirmed.