J. L. WRIGHT *v.* LYNDA DAVIS WRIGHT AND
GLENN MADISON WRIGHT

5-5163                                      449 S. W. 2d 952

Opinion delivered February 16, 1970

*N. J. Henley,* for appellant.

*Robert Compton,* for appellees.

FRANK HOLT, Justice. The issue in this case is whether one who murders his parent can inherit from the estate of his victim, and, further, the legal effect upon the right of the slayer's heirs to inherit. Appellant's brother, Leslie A. Wright, was convicted in 1954 of first degree murder in the killing of his mother and sentenced to life imprisonment. Upon being paroled in 1964 he married appellee, Lynda Davis Wright, and he was killed in an automobile accident before the birth of his son, Glenn Madison Wright, the other appellee. The appellant subsequently instituted this action to quiet title to all of the lands owned by his father and mother when they were murdered in 1953 by appellant's seventeen-year-old brother, Leslie. The two brothers were the only surviving descendants.

The chancellor denied appellant's petition that he be declared the sole owner of the lands in question and concluded that an undivided one-half interest in the lands should be confirmed in the appellee, Glenn Madison Wright, a minor, subject to the dower interest of his mother, appellee Lynda Davis Wright. The court further found by a preponderance of the evidence that Leslie Wright murdered both of his parents.

For reversal the appellant contends that the court erred in failing to hold that on the basis of sound public policy the appellees could not inherit or participate in the Wright estate. To the contrary, the appellees contend that the question of intestate succession is governed exclusively by our statutes of descent and distribution. Ark. Stat. Ann. § 61-101 et seq. (1947). Appellees assert that those statutes impose no restrictions upon the right of a killer to inherit from the ancestral estate of his victim. They cite § 61-230 as the only limitation. Also relied upon is *Barnes* v. *Cooper, Adm'x.*, 204 Ark. 118, 161 S. W. 2d 8 (1942). This statute specifically bars dower or curtesy rights where one spouse murders another spouse. Therefore, say appellees, in the case at bar the son is not barred from sharing in his parents' estate since there is an absence of an express statutory limitation. We do not so construe our statutes or the law.

In *Smith* v. *Dean* 226 Ark. 438, 290 S. W. 2nd 439 (1956), a widow who had been convicted of murdering her husband sought title to her husband's entire estate. There we held that § 1-230 was intended by the legislature as a restriction or limitation upon the dower or curtesy rights between the spouses where one murders the other. We allowed her to recover the widow's statutory allowance since that item was not expressly prohibited by the statute. However, there we find this meaningful language:

> "Apart from statute, however, it is a familiar principle of law that one who wrongfully kills another is not permitted to share in the other's estate, to collect insurance on his life, or otherwise

> to profit by the crime. *Horn* v. *Cole* 203 Ark. 361 156 S. W. 2d 787; Rest., Restitution, § 187. That principle would control this case were it not for the fact that the record contains no legal proof that the appellant killed Harold Dean. We cannot take judicial notice of the facts disclosed by the record in the earlier criminal proceeding."

Clearly, this expressed what our view would be whenever there is a proper judicial determination in a civil proceeding that one is the killer of someone from whom he seeks to inherit. In the case at bar the chancellor made an independent and unquestioned finding of fact that the son murdered both of his parents. This being true, it is our view that the "familiar principle" in *Smith* v. *Dean, supra,* is controlling in the instant case and precludes the slayer from sharing in the estate of either victim.

The reasoning for such a view is based upon the common law maxim that no sane person should be permitted to profit or acquire property by his own wrong or criminal act. 23 Am. Jur. 2d, Descent & Distribution, § 95. This rule of public policy, based upon centuries of usage, wisely requires this to be the law. Our general statutes on descent and distribution include, significantly, § 61-113 which reads:

> "In all cases not provided for in this act, the inheritance shall descend according to the course of the common law, * * *."

See, also, Ark. Stat. Ann. § 1-101 (Repl. 1956). We have long recognized the rule that statutes in derogation of the rules of the common law are strictly construed by us. *Gill et al* v. *State, ex rel Mobley,* 242 Ark. 797, 416 S. W. 2d 269 (1967). We do not think it was the legislature's intention to abrogate such a common law maxim in the absence of a specific statute to that effect.

We hold that upon the chancellor's finding in this proceeding that Leslie A. Wright murdered his parents,

it follows that at the time he committed these tragic acts he precluded himself from sharing in either of his victim's estate. Since the parents' only other heir in being at the time of this double murder was the appellant, Leslie's brother, we also hold that title to all the lands in question is now vested in appellant.

As previously recited, the marriage of Leslie and appellee Lynda occurred years after the slayings, as did the birth of appellee Glenn. We express no opinion as to the rights of the appellees had their relationship to Leslie A. Wright been in being, as was appellant's, when these murders occurred. We cannot agree with appellees that a civil court adjudication of the wrongful killings in the case at bar must precede the slayer's demise. Appellant's petition to quiet and confirm title to all the lands should be granted.

Reversed and remanded for entry of a decree consistent with this opinion.