Harrison APPLE & Sadie APPLE
*v.* Lola Person COOPER

77-365                                    565 S.W. 2d 436

Opinion delivered May 15, 1978
(Division II)

*Gordon, Gordon & Eddy,* for appellants.

*Kenneth Parsley* and *Richard L. Peel,* for appellee.

DARRELL HICKMAN, Justice. This is an appeal from a chancery court decree finding that Walter Cooper, now deceased, did not orally contract to will 80 acres of land in Yell County, Arkansas, to Harrison and Sadie Apple. The Apples appeal the decision of the chancellor alleging that the court was in error. We disagree and affirm the decree.

In 1941 Walter Cooper was living on the 80 acres of land in question with his wife, Lola, and his sister, Viola Clark. Viola was the mother of appellant Sadie Apple. Walter and Lola decided to move to Dardanelle. Both Harrison Apple and Sadie Apple testified that there was an oral agreement that if they would move on the place and take care of Viola Clark for as long as she lived, then on the death of Walter Cooper the 80 acres would be theirs.

Viola Clark died in 1968. Walter Cooper died intestate in 1972. A son of the appellants testified that he knew in general that there was an agreement as stated by his parents.

An acquaintance of Walter Cooper's testified that he had heard Walter say one time, "I am going to get Harrison and Sadie to move down there and take care of Viola the rest of her life. If they will, that is the last move they will ever make. That will belong to them from then on."

It was undisputed that the appellants made considerable improvements to the property during the years they lived on the 80 acres. According to their testimony this was because they thought the place would be theirs eventually. However, there was testimony that the improvements were made with the permission of Walter Cooper. The appellants moved off the 80 acres in 1969 and filed this action in 1973.

Walter Cooper's widow, Lola, testified that she did not know anything about such an agreement and that her only

knowledge of any dealings regarding the property was when Harrison Apple came to talk to her husband about buying some land. Walter Cooper owned six or seven hundred acres in the area. The appellant, Harrison Apple, and his son testified the conversation with Walter about buying land was regarding all of the other land that Walter Cooper owned and did not involve the 80 acres in question.

Harrison Apple testified that he paid rent to Walter Cooper according to the customary landlord-tenant agreement in the area.

The appellants, in an excellent brief, correctly point out that Arkansas does recognize oral contracts to make a will as valid and enforceable contracts. *Crowell* v. *Parks,* 209 Ark. 803, 193 S.W. 2d 483 (1946). Although our cases vary a little on the terminology identifying the burden of proof in such a case, no doubt such a contract must be proven by more than a preponderance of evidence. We have said that the evidence must be clear, cogent, satisfactory and convincing; or clear, satisfactory and convincing; and, in one instance, clear, satisfactory, convincing and substantially beyond a reasonable doubt. *Williams* v. *Robinson,* 251 Ark. 1002, 476 S.W. 2d 1 (1972); *Jensen* v. *Housley,* 207 Ark. 742, 182 S.W. 2d 758 (1944); see also, *Merrell* v. *Smith,* 228 Ark. 167, 306 S.W. 2d 700 (1957). In order to clear up any possible misunderstanding of the burden of proof in such a case, it should be clear, cogent and convincing.

The appellants argue that since it is undisputed by the only witnesses to the agreement (Walter Cooper being the other witness) that there was an agreement for valuable consideration, it should have been recognized and enforced by the chancellor. We cannot agree that the chancellor had no alternative but to find for the appellants. First, necessarily the decision of the chancellor was based on the credibility of the witness and we have said many times that the chancellor is in a better position to judge credibility than we are. *Dennis* v. *Dennis,* 239 Ark. 384, 389 S.W. 2d 631 (1965). The chancellor decided in this case that the appellants had not met the burden of proof. The chancellor did not say what the quantum of proof was in such a case. However, we review chancery cases *de novo* and if the chancellor is correct for any

reason, we affirm the decision. *James* v. *Medford*, 256 Ark. 1002, 512 S.W. 2d 545 (1974). We cannot say on review the appellants proved by clear, cogent and convincing evidence that the agreement was made.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOWARD, JJ.