Thomas Moore FLETCHER, Jr. *v.* Margaret
McCulloch LONG, et al

CA 80-452                                        611 S.W. 2d 779

Court of Appeals of Arkansas
Opinion delivered February 18, 1981

*Shults & Ray*, for appellant.

*Sharpe & Moreledge*, for appellees.

JAMES R. COOPER, Judge. This action was filed by the
beneficiaries of the last will and testament of Fletcher Long,
Sr., against the executor of the estate of Mrs. Susan Fletcher
Matkin, Mr. John D. Eldridge, and her heirs at law, to es-
tablish and enforce an oral contract to make a will between
Fletcher Long, Sr. and Mrs. Matkin.

On July 10, 1963, Mrs. Matkin deeded approximately 3,200 acres of farmland to her nephews, Dr. Thomas Moore Fletcher, Jr., and Fletcher Long, Sr., subject to her retention of a life estate. This deed was filed for record July 11, 1963. Correspondence between Fletcher Long, Sr. and Dr. Thomas Moore Fletcher, Jr., indicated concern about Mrs. Matkin's gift tax liability and as a result Fletcher Long, Sr., on August 14, 1963, wrote a letter to John D. Eldridge, attorney for Mrs. Matkin, enclosing a document reconveying his interest in the property to Mrs. Matkin. In that letter he stated that his inducement to reconvey the property was the disclosure to him by Mr. Eldridge of Mrs. Matkin's intent to make a testamentary disposition of the land in question so that Mr. Long's interest at her death would be the equivalent of that which he had under the July 10, 1963 deed. Thomas Moore Fletcher also reconveyed his interest in the lands to Mrs. Matkin. On August 22, 1963, Mrs. Matkin executed a formal will devising the lands in question "to (her) nephews, Fletcher Long and Dr. Thomas Moore Fletcher, Jr., and unto their heirs and assigns, in fee simple, share and share alike . . ." Fletcher Long, Sr. died June 19, 1969 and Mrs. Matkin died August 1, 1978. In a separate Probate proceeding the Probate Court found that the devise to Mr. Long lapsed into the residuary estate. The Chancellor found that an oral contract had been proved by clear, cogent, and convincing evidence, and directed the executor to perform the contract by conveying an undivided one-half interest in the property in question to the appellees. This appeal results from that ruling.

Appellant urges as error the following points: (1) That the Court erred by finding that plaintiffs proved by clear, cogent, and convincing evidence that Mrs. Matkin contracted to devise an undivided one-half interest in the property to Fletcher Long which would pass to his heirs if he predeceased her; (2) That the Court was in error when it found that the reconveyance by Fletcher Long, Sr. was valid consideration for a contract to make the will because he was under a preexisting legal duty to reconvey the property to Mrs. Matkin; and (3) That the Court erred in finding that the contract to make a will was not fully performed and discharged by Mrs. Matkin's execution of her will.

Both parties to this action recognize that in order to prove an oral contract to make a will, the evidence must be clear, cogent, and convincing. *Apple* v. *Cooper*, 263 Ark. 467, 565 S.W. 2d 436 (1978). The chancellor found that appellees proved that an oral contract was entered into by Fletcher Long, Sr. and Mrs. Matkin whereby she would execute a will devising an estate to him equal to that which he held under the July 10, 1963 deed. Correspondence between Mr. John D. Eldridge, attorney for and friend of Mrs. Matkin, and Fletcher Long, Sr. was introduced. The letter from Mr. Long to Mr. Eldridge referred to a prior telephone conversation between the parties and Mr. Long confirmed the agreement by letter as follows:

> In the telephone conversation between you and me yesterday, you disclosed to me that she had plans to make testamentary disposition of the lands in question in such a manner that my interest at her death would be at least equivalent of that which is now vested to me. It is contemplated that you, as her attorney, will give effect to these plans in a more formal manner by preparing a will at her direction and for her execution within the near future.

> As I gave you to understand orally yesterday, the Grantee's commitment to make the disposition above referred to is the real inducement to my execution of the enclosed instrument.

Another exhibit was a letter from Mr. Eldridge to Dr. Thomas Moore Fletcher, Jr. in which he stated:

> . . . Sue (Mrs. Matkin) expressly agrees to execute a will leaving this property to you and Fletcher, share and share alike, in fee simple and I am in the process of preparing a will to accomplish that.

> Sue certainly appreciates what you and Fletcher are doing and from your standpoint the outcome will have the same practical effect, but it will enable her to continue to finance the farm operation and will avoid the present impact of gift tax.

The issue in this case is not whether Mrs. Matkin agreed to devise anything to appellees if Fletcher Long, Sr. predeceased her, but what interest she contracted to devise to Fletcher Long, Sr., and, if her will did not perform that contractual obligation, whether the obligation to perform can be imposed on her executor. The estate which Fletcher Long, Sr. had under the July 10, 1963 deed was a fee simple estate (limited only by her life estate) not contingent on survivorship nor subject to lapse, and had Fletcher Long, Sr. not reconveyed his interest in the property to Mrs. Matkin, it is clear that his heirs or devisees would have become the owners of an undivided one-half interest in the subject lands. It seems apparent that the possibility of Fletcher Long, Sr. predeceasing Mrs. Matkin was not discussed or considered by the parties at the time the will was made. Mr. Long intended to receive, by devise, that which he had under the July 10, 1963 deed, and Mrs. Matkin, according to the letter from Mr. Eldridge to Dr. Fletcher, intended to devise the same estate to him that he expected to receive. In chancery cases we review the record de novo, but will not disturb findings of the Court unless clearly erroneous or against a preponderance of the evidence.

We hold that the finding of the trial court that the appellees had proved an oral contract by clear, cogent, and convincing evidence was not clearly erroneous or against a preponderance of the evidence.

The appellant also argues that there was no consideration for the contract to make a will. The parties agree that the validity of an oral contract to make a will has been recognized and for this type of contract to be enforced there must be consideration, as in other types of contracts. Appellant argues that the agreement by Mr. Long to reconvey the property was not valid consideration for her agreement to make the testamentary disposition of an undivided one-half interest in the land to him because he was under a preexisting legal obligation to reconvey the property to Mrs. Matkin. Appellant's basis for that argument is that Fletcher Long, Sr. acted as her attorney in the matter by drafting the warranty deed and the conveyance of the undivided one-half interest to him represented a transaction between an attorney and

client. This Court has held that in such cases the burden is on the attorney to show that no advance was taken and that he provided all the information and advice to allow the client to act understandingly. *Norfleet* v. *Stewart*, 180 Ark. 161, 20 S.W. 2d 868 (1929).

Appellant's argument on this point presumes either that Mr. Long would have been totally unable to meet this burden, or that because of the circumstances the original transaction was void, and therefore his reconveyance could not constitute valid consideration. We cannot agree. Although the better practice would have been for another attorney to draft the original deed, Mr. Long gave up valuable rights by reconveying the property. He gave up ownership of an undivided one-half interest in 3,200 acres, and he did so voluntarily, on the strength of an oral agreement to devise the same interest back to him. His reconveyance was valid consideration for the oral contract.

For its third point for reversal, appellant argues that the Court erred by finding that the contract was not fully performed at the time Mrs. Matkin executed her will. Appellant concedes that in other jurisdictions the general rule is that the existence of a will which does not meet the terms of a contract to make a will does not discharge the obligations under the contract. In this case appellant argues that the will was specifically drafted for the purpose of satisfying the contract between Mrs. Matkin and Mr. Long, and that Mr. Long accepted the execution of this will as performance of the contract. Mrs. Matkin contracted to execute a will vesting in Fletcher Long, Sr. the interest he held under the earlier deed. That interest was absolute fee simple ownership of an undivided one-half interest subject to her life estate. The Probate Court has held that the will did not accomplish what Mrs. Matkin contracted to do. The will simply did not do what Mrs. Matkin wished it to do and it did not satisfy the contract between her and Mr. Long.

The chancellor found that the terms and conditions of the contract were proved by clear, cogent and convincing evidence and the contract was based upon an adequate consideration. We cannot say that the findings of the chancellor

are clearly erroneous or against a preponderance of the evidence, and therefore we affirm.

Affirmed.

CORBIN and CRACRAFT, JJ., not participating.

FOGLEMAN, Special Judge, joins in this opinion.

CLONINGER and GLAZE, JJ., dissent.

LAWSON CLONINGER, Judge, dissenting. I am not able to concur in the Court's opinion that there was consideration for a contract to make a will in this case. Fletcher Long was under a pre-existing legal obligation to relinquish his interest in the property of Mrs. Matkin upon her request, and the reconveyance fails as consideration for a contract to make a will.

At the time Mrs. Matkin executed the July 10, 1963, warranty deed, she had discussed the transaction only with Fletcher Long, who acted as her attorney in the matter. Mr. Long prepared the warranty deed and Mrs. Matkin did not discuss the matter with Mr. Eldridge, the attorney who had represented her previously in other matters, or with any other person except Mr. Long. The deed clearly represented a transaction between an attorney and his client, a transaction in which the attorney had a very substantial self-interest. All transactions between attorney and client, to be upheld in a court of equity, must be in the utmost good faith, and the burden is on the attorney to show not only that no advantage was taken, but that he gave his client all the information and advice about the matter which was necessary to enable the client to act understandingly. *Norfleet* v. *Stewart*, 180 Ark. 161, 20 S.W. 2d 868 (1929). Equity regards the relation of attorney and client much in the same light as that of guardian and ward, and will relieve a client from hard bargains or from any undue advantage secured over him by his attorney. And the client, in order to secure such relief, is not bound to show that there has been any imposition or fraud, nor is the transaction necessarily void; but if it is a transaction to which the relation between the parties exerted, or might reasonably

have exerted, any influence in the attorney's favor, then the burden of establishing its perfect fairness is thrown upon the attorney. *Thweatt* v. *Freeman*, 73 Ark. 575, 84 S.W. 720 (1905).

The heirs of Fletcher Long not only had the burden of proving the terms of the contract to make a will—and those terms included a valid consideration—by clear, cogent, and convincing evidence; they had the burden of showing that Mr. Long gave Mrs. Matkin all the information and advice about the matter which was necessary to enable her to act understandingly. I do not believe they have sustained that burden.

Judge Glaze joins in this dissent.