The Honorable Morril Harriman State Senator, District 7 522 Main Street Van Buren, Arkansas 72956
Dear Senator Harriman:
This letter is in response to your request for an opinion regarding municipality participation in the Public Employee's Retirement System.
The factual background, as presented in your letter, is that the City of Alma's employees are within the State's Public Retirement System. The City did not withdraw from the system prior to January 1, 1982 but now wishes to withdraw to establish a different type of retirement system.
The question is whether it is legal for the City to withdraw from the system in light of Ark. Stat. Ann. 12-2506. Ark. Stat. Ann. 12-2506(C)(b) provides as follows:
 Any municipality which has as of the effective date (March 28, 1981) of this Act, taken its first vote to withdraw from such participation, shall be eligible to withdraw under the provisions of Section 2 (this section) of Act 586 of 1973 if the final vote to withdraw is certified to the Board before July 1, 1981. The effective date of withdrawal must be before January 1, 1982. [Acts 1957, No. 177, 6, p. 518; 1959, No. 42, 6, p. 34; 1961, No. 64, 3, p. 132; 1963, No. 56, 1, p. 152; 1969, No. 476, 1, p. 1327; 1971, No. 228, 1, p. 514; 1971, No. 303, 1, p. 755; 1973 No. 586, 1, 2, p. 1589; 1975, No. 577, 1, p. 1598; 1975 (Extended Sess., 1976), No. 1187, 1, p. 2907; 1981, No. 882, 1, p. 2020; 1983, No. 47, 1, p. 97.]
Pursuant to the facts stated in your request, the municipality failed to withdraw from the system prior to January 1, 1982 as required in 12-2506 (C)(b) (Repl. 1985). There appears to be no other provision permitting the withdrawal of a municipality from the system. Prior to the amendment of 12-2506(C) by Act 882 of 1981, a municipality could withdraw at any time by following a specific procedure. The current provision for a specific method of withdrawal from the system implies that method is exclusive. Sutherland, Statutory Construction, 4th Ed., 47.23. Consequently the municipality cannot now withdraw from the system.
You further question whether a prohibition of this nature is constitutional. Initially, it is presumed that an act is constitutional. Pogue v. Cooper, 248 Ark. 105, 679 S.W.2d 207
(1984). The constitution is only a limitation of rather than a grant of legislative power. Berry v. Gordon, 237 Ark. 547,376 S.W.2d 279 (1964). The municipality, a creature of the legislature, is therefore subject to legislative control which is supreme except as limited by the state and federal constitutions. City of Little Rock v. Black motor Lines, Inc., 208 Ark. 498,186 S.W.2d 665 (1945).
A mandatory provision for continuing a program for retirement of municipal employees appears to be not only a local issue but one of general public concern. If the city failed to provide sufficient retirement benefits, the burden would fall upon the State as a whole to provide to the extent practicable for the health and welfare of the retirees. Therefore, the issue of retirement benefits appears to be a governmental function.
Municipalities, particularly when acting in a governmental capacity, generally have no rights, privileges or immunities under the usual constitutional guarantees against legislative control. 56 Am.Jur.2d Municipal Corporations 99. The municipality is not protected by the due process or equal protection clauses of the Constitution when acting in a governmental capacity. Trenton v. New Jersey, 262 U.S. 182. It does not appear to be subject to doubt that the legislature could affirmatively require municipalities to join the retirement system. Furthermore, there appears to be no State constitutional provision which would restrict the legislature from prohibiting a municipality from withdrawing from the system. Therefore it appears that 12-2506(C)(b) is constitutional.
The foregoing opinion which I hereby approve was prepared by Assistant Attorney General Thomas S. Gay.
Sincerely,
STEVE CLARK Attorney General
JSC:TSG:jk