359, Supp. 1920, p. 95; sub-paragraph 7 of § 6 of the act, p. 421; Supp. 1920, p. 104; § 10 of act, p. 439; Supp. 1920, p. 105; § 13 act, p. 453; Supp. p. 106; § 14 act, p. 457; Supp. p. 107; § 15, act, p. 458 and sub-paragraph 7, p. 468; Supp. p. 107; § 16, act, p. 475 and sub-paragraphs, Supp. 1920, p. 116; 204 U. S. 426; 51 L. ed. 553; 222 U. S. 506; 56 L. ed., 288; 234 U. S. 138; 58 L. ed. 1255; 230 U. S. 247; 57 L. ed. 1472; 240 U. S. 43; 60 L. ed. 517; 231 Fed. 405.

---

WILSON *v.* OVERTURF.

Opinion delivered March 5, 1923.

1. GARNISHMENT—JUDGMENT AGAINST GARNISHEE.—Under Crawford & Moses' Dig., § 4916, final judgment may be rendered against a garnishee upon default made by him, or when, on trial, the court finds that he is indebted to the defendant in the original judgment.

2. GARNISHMENT—PLEADING—No special form of pleading is required in garnishment proceedings.

3. JUDGMENT—DEFAULT JUDGMENT.—A default decree in a garnishment proceeding upon a complaint alleging that plaintiffs are informed and believe that the garnishee is indebted to defendants in a certain sum, and that he has money, property and

effects belonging to defendants, is not based upon a complaint which states a good cause of action under Crawford & Moses' Dig., § 1187, and is therefore erroneous.

4. PLEADING—DEFAULT JUDGMENT ON INSUFFICIENT PLEADING.—A default judgment after service of summons admits only the allegations of the complaint, and, if they are insufficient to support the judgment, it will be reversed.

Appeal from Crittenden Chancery Court; *Archer Wheatley,* Chancellor; reversed.

### STATEMENT OF FACTS.

This is an appeal by a garnishee from a decree by default against him. H. C. Overturf, trustee, for the use and benefit of Aaron McMullin, brought suit in equity against Mrs. Charles Eddins Owen and Mrs. I. I. Biles to foreclose a deed of trust on certain lands in Crittenden County, Ark., given by Mrs. I. I. Biles to secure an indebtedness of $7,000 owed by her to Aaron McMullin. The complaint alleges that Mrs. I. I. Biles sold the mortgaged land to Mrs. Charles Eddins Owen, and that the latter is now in possession of it; that she is allowing the land to grow up in noxious weeds and undergrowth, and that there has been a failure to pay the mortgage indebtedness or any part thereof. The complaint also contains allegations as follows:

"Plaintiffs are informed and believe that B. W. McCulloch is indebted to the defendant Mrs. I. I. Biles and Mrs. Charles Eddins Owen in the sum of $11,775; that he has money, property, or effects belonging to the defendant Mrs. I. I. Biles of the value of $11,775, and plaintiffs propound to the said B. W. McCulloch the following interrogatories, to-wit:

"1st. Are you indebted to Mrs. I. I. Biles of Memphis, Tennessee, and Mrs. Charles Eddins Owen, and, of so, state the amount of such indebtedness, the nature thereof, whether evidenced by a promissory note, and, if so, whether said notes are secured by mortgage or deeds of trust? State fully.

"2nd. Have you in your possession or under your control any moneys, goods, chattels or effects of Mrs. I. I. Biles of Memphis, Tennessee, and Mrs. Charles Eddins Owen, and, if so, state the nature of the same and the value thereof."

The complaint prays for a foreclosure of the mortgage, and also for a writ of garnishment against B. W. McCulloch. A writ of garnishment was duly issued, and personal service was duly had upon B. W. McCulloch. On final hearing of the case, there was a decree of foreclosure in behalf of the plaintiff against Mrs. I. I. Biles and Mrs. Charles Eddins Owen, and a personal judgment was rendered against them for the amount of the mortgage indebtedness.

A decree by default against B. W. McCulloch as garnishee was also entered in the sum of $8,014.30, being the amount for which judgment was rendered against Mrs. I. I. Biles and Mrs. Charles Eddins Owen.

Subsequent to the rendition of the decree, B. W. McCulloch died intestate, and an appeal to this court has been duly prosecuted by the administrator of his estate.

*Berry & Wheeler,* for appellant.

The allegations of the complaint are not sufficient to warrant or support a judgment against the garnishee. 94 Ark. 572; 41 Ark. 42; 44 Ark. 56; 58 Ark. 39; 68 Ark. 263; 107 S. W. 179; 82 Ark. 455; *Knapp v. Gray,* 153 Ark. 160.

*J. F. Gautney,* for appellee.

The service on the garnishee was by personal service of summons, and he failed to answer. Judgment by default was authorized under the garnishment act of 1889 as amended, Acts of 1905. 70 Ark. 128; 96 Ark. 1. Allegations and interrogatories are not necessary prerequisites to the validity of judgments against garnishees. 133 Ark. 579, 582.

HART, J., (after stating the facts). Sec. 4916 of Crawford & Moses' Digest in effect provides that if any garnishee upon whom personal service has been had

shall neglect or refuse to answer the interrogatories exhibited against him, the court before whom the matter is pending shall enter judgment against such garnishee for the full amount specified in the plaintiff's judgment against the original defendant, together with costs. Under this act final judgment may be rendered against a garnishee upon default made by him, or when, on trial, the court finds that he is indebted to the defendant in the original judgment. *Norman* v. *Poole*, 70 Ark. 128; and *Tiger* v. *Rogers Cotton Cleaner & Gin Co.*, 96 Ark. 1.

In the instant case, judgment by default was rendered against the garnishee. The only question raised by the appeal is whether the allegations of the complaint are sufficient to support the decree entered upon the default of the garnishee. *Koons* v. *Markle,* 94 Ark. 572, and cases cited.

It is claimed by counsel for the garnishee that the complaint is defective in that it did not charge as a fact that McCulloch was indebted to the defendants.

It will be noted from our statement of facts that the complaint only alleges that plaintiff is informed and believes that B. W. McCulloch is indebted to the defendants in the sum of $11,775. We think the defect is fatal unless this form of pleading is allowed by our Code. There is no special form of pleading required in garnishment proceedings, and we must therefore look to our general Code provisions on the question.

Under § 1187 of Crawford & Moses' Digest the complaint must contain a statement in ordinary and concise language, without repetition, of the facts constituting the plaintiff's cause of action. This provision requires that the facts relied upon should be directly and positively alleged and not stated by way of argument, inference, or belief. The statute requires the facts to be alleged so that an issue may be made thereon. The statement in the pleadings should be made in direct and positive terms, so that, if it be necessary for the other

party to respond to them, he may be able to do so in terms equally direct and positive. The issue tendered by the complaint is not as to the existence of the fact of whether or not the garnishee was indebted to the defendant, but as to the plaintiff's information and belief on this matter.

Therefore the decree was not based upon a complaint which showed a good cause of action, and was erroneous.

A default after due service of summons admits only the allegation of the complaint, and, if they are insufficient to support the judgment, it will be reversed. *Chaffin* v. *McFadden,* 41 Ark. 42; *Benton* v. *Holliday,* 44 Ark. 56, and *American Freehold Land Mortgage Co.* v. *McManus,* 68 Ark. 263.

As supporting the views herein expressed see also *Nichols & Sheppard Co.* v. *Hubert,* 51 S. W. 1031, where the Supreme Court of Missouri held that a petition in a creditor's suit, which avers that plaintiff is informed and believes certain facts, thereafter recited, which are essential to plaintiff's case, is demurrable, as it does not allege the existence of the facts.

It follows that the decree must be reversed, and the cause remanded for further proceedings in accordance with the principles of equity and not inconsistent with this opinion.