## METAL PROCESSING, INC. *v.* PLASTIC & RECONSTRUCTIVE ASSOCIATES, LTD.

85-107                                                   697 S.W.2d 87

Supreme Court of Arkansas
Opinion delivered October 7, 1985

*Jim Short*, for appellant.

*William G. Crowe*, for appellee.

GEORGE ROSE SMITH, Justice. This appeal is from the trial court's refusal to set aside a $4,018 default judgment entered against Metal Processing as a result of its failure to answer a writ of garnishment issued upon a judgment in favor of Plastic & Reconstructive Associates. The case comes to us under Rule 29(1)(a). There is no merit to either of the points argued for reversal.

■ The default judgment was entered by a special circuit judge in June, 1984. The appellant argues that the judgment is void because the record does not show that the special judge was elected pursuant to Art. 7, Sec. 21, of our 1874 Constitution. The special circuit judge filed his oath of office with the circuit clerk, who certified that it was the "Special Judge Election Form." The regular circuit judge found that the special judge had been duly elected. Under the law, that election is impervious to attack unless the facts that would defeat the election are recited in the record. *Titan Oil & Gas* v. *Shipley*, 257 Ark. 278, 288, 517 S.W.2d 210 (1974). No such facts are shown in the present record. The appellant's first contention accordingly fails.

Next, it is argued that the judgment should have been set aside under Civil Procedure Rule 55(c) for excusable neglect. The trial judge found, however, that Metal Processing had made no showing of excusable neglect. We must agree.

The writ of garnishment served upon the appellant was in full compliance with the form of summons specified in Civil Procedure Rule 4(b). The writ was issued by the Circuit Court of Pulaski County, Sixth Division, was entitled Writ of Garnishment, and was addressed to Metal Processing, Inc., as Garnishee. Its text began with these paragraphs:

TO THE ABOVE NAMED GARNISHEE:

1. A judgment has been obtained in this Court against the Defendant, Lanny Eppes, for $4018.00, together with interest and other legal costs accrued, and this judgment remains unsatisfied. The Plaintiff alleges that he has reason to believe that you are indebted to the Defendant or have in your possession goods, chattels, moneys, credits, or effects belonging to the Defendant.

2. You are directed to prepare a written answer, under oath, and to file this answer in the Pulaski County Circuit Clerk's Office within Twenty (20) days from the date on which you are served with this Writ. The written answer should contain a statement of what goods, chattels, moneys, credits, or effects you may have in your possession belonging to the Defendant. Unless you file such written answer within Twenty (20) days, judgment by default may be rendered against you for the amount stated in paragraph one.

In support of the motion to set aside the default judgment the appellant's president filed an affidavit stating that Lanny Eppes had been employed by Metal Processing for only five weeks, had been paid in full, and was not owed anything by Metal Processing. The affidavit went on to say: "That when I received the papers from the deputy, I was not aware that it was directed to me because I had never heard of Plastic & Reconstructive Associates, Ltd., but I assumed from reading it that it was another suit against Lanny Eppes for his failure to pay bills." That was the only excuse offered. No testimony was taken.

In view of the writ's simple and direct message, written in plain language, we find it impossible to say that the garnishee's failure to understand and comply with it was due to excusable neglect. Neglect, yes; excusable, no. The trial court was right.

Affirmed.

PURTLE, J., not participating.