R. Stephen VENABLE, M.D. *v.* Douglas W. BECKER,
d/b/a PRODENCO SYSTEMS AND SERVICES

85-130                                                      697 S.W.2d 903

Supreme Court of Arkansas
Opinion delivered October 28, 1985

*W. Edward Tarvin*, for appellant.

*Dillahunty, Skelton & James*, for appellee.

DARRELL HICKMAN, Justice. This appeal concerns an action on an account brought by Douglas Becker against Dr. R. S. Venable and Clinicare, Inc. Becker printed custom forms and materials ordered by Dr. Venable for Clinicare. Partial payments were made on the account before Clinicare entered bankruptcy proceedings. The circuit judge, sitting as a jury, awarded a judgment of $3,093.18 against Venable and Clinicare, Inc., jointly and severally.

Two questions are raised on appeal. First, whether Rule 38 of the Arkansas Rules of Civil Procedure is constitutional since it provides that a jury trial is waived unless requested 20 days before trial; second, whether the judge correctly awarded judgment against Venable individually. We answer both questions yes.

The issue of the constitutionality of ARCP Rule 38 arises due to the trial court's denial of Venable's request for a jury trial, which was made the day before trial. Venable pointed out a conflict between the rule and Ark. Stat. Ann. § 27-1743 (Repl. 1979), which states that a jury trial can be waived either of three ways: failure of a party to appear, written consent of the party or his attorney filed with the clerk, and oral consent in open court entered on the record. None of these actions were taken. ARCP Rule 38 provides that a party may demand a jury trial at any time after the commencement of the action, but not later than 20 days prior to the trial date. The failure to demand within this time period constitutes waiver.

The legislature authorized us to promulgate rules of pleading, practice and procedure in respect to civil proceedings. Act 38 of 1973. This act further states that all laws in effect at that time regarding pleading, practice and procedure in civil proceedings would remain in effect only until this court prescribed rules regarding the same. In our per curiam of December 18, 1978, we adopted the Arkansas Rules of Civil Procedure based on Act 38

and our constitutional and inherent power to regulate procedure in the courts.

■■ While Ark. Stat. Ann. § 27-1743 (Repl. 1979) was not specifically listed as superseded by the Arkansas Rules of Civil Procedure, the question is determined by Act 38 and the supersession rule which provides: "All laws in conflict with the Arkansas Rules of Civil Procedure . . . shall be deemed superseded. . . ." ARCP Rule 1, notes. Because the two provisions cannot stand together, Rule 38 superseded Ark. Stat. Ann. § 27-1743.

■ The Arkansas Constitution is not violated by ARCP Rule 38 because the Constitution states "a jury trial may be waived by the parties in all cases in the manner prescribed by law." Art. 2, § 7. Rule 38 is the law.

■ The evidence was uncontroverted that Douglas Becker dealt individually with Venable, and the account was paid in part by Venable. None of the printed forms, building signs, telephone listings or the check for partial payment indicated Clinicare was incorporated as required by Ark. Stat. Ann. §§ 64-107 (a) and 64-1704 (Repl. 1980). Since Becker dealt only with Venable without knowledge of the corporate status of Clinicare, Becker was justified in thinking he was dealing with an individual. We cannot say that the trial court's finding was clearly erroneous. ARCP Rule 52.

Affirmed.

NEWBERN, J., concurs.

PURTLE, J., not participating.

DAVID NEWBERN, Justice, concurring. I concur wholeheartedly with the majority opinion. I write separately only to point out that we are aware of the indirect implication of our opinion in *Sun Gas Liquids Company* v. *The Helena National Bank*, 276 Ark. 173, 633 S.W.2d 38 (1982), to the effect that legislation was not superseded unless listed as deemed superseded in our *per curiam* order of December 18, 1978. The majority opinion in this case makes it clear that the noted implication of the opinion in *Sun Gas Liquids Company* v. *The Helena National Bank, supra,* if

intended, was not correct.