TRAVELODGE INTERNATIONAL, INC. *v.*
HANDLEMAN NATIONAL BOOK COMPANY

85-273                                    705 S.W.2d 440

Supreme Court of Arkansas
Opinion delivered March 17, 1986

*Hoover, Jacobs & Storey*, by: *Victor A. Fleming* and *Joyce Bradley*, for appellant.

*Davidson, Horne & Hollingsworth*, by: *Cyril Hollingsworth*, for appellee.

STEELE HAYS, Justice. After obtaining a judgment against Imran Bohra and Rebecca Lee Bohra for $11,898.34, Travelodge International, Inc., filed allegations and interrogatories on May 17, 1985 and caused a writ of garnishment to be served on

Handleman National Book Company, also known as Handleman, Inc. Handleman responded on June 5, 1985 by filing a verified "Garnishee Disclosure" stating that Handleman was indebted to Rebecca Lee Bohra in the amount of $77.02. The response was stamped in the clerk's office with the word "Answer", but no "filed" stamp was shown on the response and no copy of the response was sent to Travelodge or its attorney.

On June 21, 1985, thinking that no answer had been filed, Travelodge took a default judgment against Handleman for $14,366.96. Some two weeks later Handleman moved to set the judgment aside and Travelodge objected. After a hearing the chancellor sustained the motion and vacated the judgment.

Travelodge argues that several provisions of the Arkansas Rules of Civil Procedure were violated: Rule 5(c), which requires that all papers after the complaint required to be served on a party or his attorney shall be filed with the clerk before service or within a reasonable time thereafter, bearing the date and time of filing; ARCP 10(a), requiring a pleading to contain a caption setting forth the name of the court, the title of the action, the file number and a designation as in ARCP Rule 7(a); and Rule 5(e), requiring that a pleading shall contain a statement that it has been served upon the opposing party or his attorney.

On appeal, we affirm the chancellor. Garnishment is a special statutory procedure. To the extent the garnishment procedures prescribed in Ark. Stat. Ann. §§ 31-501 through 31-524 (Repl. 1962 and Supp. 1985) differ from those prescribed in the Arkansas Rules of Civil Procedure, the statutes control. ARCP 81(a) provides:

(a) Applicability in General. These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

The procedures followed by the defendant-garnishee in this case were consistent with the garnishment statutes, and were thus appropriate.

The authority of a chancellor to set aside a judgment

within ninety days after it is entered is found in ARCP 60(b). That rule does apply in garnishment proceedings because, in the terms of ARCP 81 (a), the garnishment statutes do not provide a specific procedure for setting such a judgment aside. Under Rule 60(b), the chancellor had the discretion to set the judgment aside. *Burgess* v. *Burgess*, 286 Ark. 497, 696 S.W.2d 312 (1985); *Blissard Management & Realty, Inc.* v. *Kremer*, 284 Ark. 136, 680 S.W.2d 694 (1984); *Burns* v. *Madden*, 271 Ark. 572, 609 S.W.2d 55 (1980).

Affirmed.

PURTLE, J., not participating.