# Willie Frances MAY *v.* BOB HANKINS DISTRIBUTING COMPANY

89-261                                                785 S.W.2d 23

## Supreme Court of Arkansas
### Opinion delivered March 5, 1990

*Fulkerson & Todd, P.A.*, by: *Michael E. Todd*, for appellant.

*Jacoway, Sherman & Pence*, by: *William F. Sherman*, for appellee.

TOM GLAZE, Justice. This is an appeal from the chancellor's order setting aside two default judgments entered against the appellee on February 2, 1988, and March 15, 1988. The appellant received two judgments against her former husband, Billy May, for failure to comply with their divorce decree and for attorney fees. Billy May is employed by the appellee. Two writs of garnishment after judgment were served on the appellee. When the appellee failed to respond to either of the two writs, two default judgments were entered against the company totaling $22,442.77. In setting aside the default judgments, the chancellor found that Ark. Code Ann. § 16-58-124 (1987) governed service of the writs, and that the service of the writs was not in compliance with this statute.

In her appeal, the appellant argues that the chancellor erred in finding that § 16-58-124 was not superseded by ARCP Rule 4(d)(5).[1] The appellee argues that the chancellor was correct in finding that service of the writs was invalid, and in addition, makes three other arguments on why the chancellor's setting

---

[1] In the alternative, the appellant argued that service was proper under § 16-58-124. However, since we agree with her first point, it is unnecessary to address this argument.

aside the default judgments must be affirmed. We agree with the appellant's argument that ARCP Rule 4(d)(5) controls service and find no merit in two of the appellee's alternative arguments. However, we find that appellee's other argument was not fully developed below. Therefore, we reverse and remand.

The first writ of garnishment was served on the appellee's bookkeeper, Loretta Bozeman, at the corporation's office on November 16, 1987. According to her testimony, at the time the writ was served she and another woman were the only ones in the office, and she was more or less in charge. On February 11, 1988, the second writ of garnishment was served on Wanda Hankins, the secretary of the corporation and wife of Bob Hankins, the president of the corporation. The returns did not reflect if the president was unavailable when the writs were served, and testimony elicited at the hearing regarding the subject was inconclusive. Bob Hankins testified that since both writs were served on Mondays, he, in all probability, was there. However, the company does not keep any records on when Hankins is in or out of the office. According to Hankins, he first learned about the default judgments when a writ of garnishment was served on the company's bank account in July of 1988. At this time, the appellee filed a Motion to Set Aside Judgment.

We first must decide whether Ark. Code Ann. § 16-58-124 or ARCP Rule 4(d)(5) controls service of a writ of garnishment on a domestic corporation. As previously noted, the chancellor held § 16-58-124 was controlling and the service attempted in this matter failed to comply with it. The appellant argues that Rule 4(d)(5) superseded § 16-58-124, and that her service of the writs met all the requirements of the Rule. Section 16-58-124(a) and ARCP Rule 4(d)(5) provide the following:

§ 16-58-124 METHOD OF SERVICE — CORPORATIONS

(a) When the defendant is a corporation created by the laws of this state, the service of summons may be upon the president, mayor, or chairman of the board of trustees. *In the case of the absence of the above officers*, then it may be served upon the cashier, treasurer, secretary, clerk, or agent of the corporation.

ARCP 4 SUMMONS

(d) PERSONAL SERVICE INSIDE THE STATE: A

copy of the summons and the complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows: (5) Upon a domestic or foreign corporation . . . by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons.

In our per curiam of December 18, 1978, we adopted the Arkansas Rules of Civil Procedure based on Act 38 of 1973 and our constitutional and inherent authority to regulate procedure in the courts. Before that time, the Civil Code controlled all aspects of practice and procedure in this state. Section 16-58-124 is part of that Civil Code and is found in Title 16 of the Code, Practice, Procedure, and Courts, and in subtitle 5, Civil Procedure Generally. Act 38 provides that all laws in effect at that time regarding pleading, practice and procedure in civil proceedings would remain in effect only until this court prescribed rules regarding the same. Since the adoption of the Rules of Civil Procedure, this court has listed statutes in per curiams that were deemed superseded. Section 16-58-124 was not included in the list. However, in the per curiams, this court has stated that the question of supersession of all other rules and statutes will be determined by Act 38 and the supersession rule—"All rules in conflict with the Arkansas Rules of Civil Procedure . . . shall be deemed superseded. . . ." *See* ARCP Rule 1, Reporter's notes; *see also Venable* v. *Becker*, 287 Ark. 236, 697 S.W.2d 903 (1985). Under ARCP Rule 81(a), it is stated that these rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this state, except in those instances where a statute which creates a right, remedy, or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

The facts in the present case clearly illustrate that § 16-58-124 and Rule 4(d)(5) cannot stand together. Because the absence of the corporation's president was never shown, service on the bookkeeper and the secretary of the corporation would not be proper under § 16-58-124. But, under these same circumstances,

service on the secretary of the corporation and the bookkeeper, who testified that she was "more or less in charge of the office" at the time of the service, would be proper under Rule 4(d)(5). Since these provisions conflict and § 16-58-124 does not fit into the exception described in ARCP Rule 81(a), we must hold that Rule 4(d)(5) supersedes § 16-58-124. In so stating, we note the case of *Travelodge International* v. *Handleman National Book Co.*, 288 Ark. 368, 705 S.W.2d 440 (1986), where this court stated that garnishment is a special statutory procedure and to the extent that the garnishment procedures differ from the Rules of Civil Procedure, the statutes control. However, in that case, this court was referring to Ark. Code Ann. §§ 16-110-401 to -110-415 (Garnishment Proceedings), and these statutes do not contain a method of service provision. Rather, § 16-110-402(2)(A) (Supp. 1989), states that the writs shall be served in the same manner as writs of summons, which would be pursuant to ARCP Rule 4.

■ Further, we note Rule 4(k), a 1986 amendment to the Rule, which states the following:

> Whenever any rule or statute requires service upon any person, firm, corporation or other entity of notices, writs or papers other than a summons and complaint, including without limitation writs of garnishment, such notices, writs or papers may be served in the manner prescribed in this Rule for service of a summons.

This provision makes it clear that writs of garnishment are to be served pursuant to ARCP Rule 4.

■ Since we find error in the chancellor's holding, we now turn to the appellee's alternative arguments of why the default judgments should be set aside. The chancellor did not address these arguments below. However, we can address these issues, because we review chancery cases *de novo*, and the chancellor's decision will be affirmed if correct for any reason. *See Apple* v. *Cooper*, 263 Ark. 467, 565 S.W.2d 436 (1978). We first address the appellee's argument that the chancellor's ruling can be affirmed, because the default judgments should have been set aside pursuant to ARCP Rule 55(c) for excusable neglect, unavoidable casualty, or other just cause.

■■ Also, under ARCP Rule 60(c)(7), the trial court,

after 90 days after the filing with the clerk of the court, has the power to vacate a judgment for unavoidable casualty or misfortune preventing the party from appearing or defending. However, before a judgment can be set aside under this rule, the defendant in his motion must assert a valid defense to the action and make a *prima facie* showing of the defense at the hearing. ARCP Rule 60(d). We have stated that default judgments are not favorites of the law and should be avoided when possible. *See Burns* v. *Shamrock Club*, 271 Ark. 572, 609 S.W.2d 55 (1980). Further, we have noted that default judgments are a harsh and drastic action and may deprive a party of substantial rights. *Id.*

While the chancellor did not rule on this issue below, the following evidence was presented in the appellee's petition to set aside the judgments and by testimony at the hearing, on why the appellee failed to answer the writs. Wanda Hankins, the secretary of the corporation and the bookkeeper were the only ones that knew about the service of the writs of garnishment. When the writs were served, the appellee was already withholding money from Billy May's salary pursuant to an earlier writ of garnishment from appellant's judgment for child support. The bookkeeper believed and advised Wanda Hankins that the writs served on the corporation in November and February were related to this earlier writ of garnishment, with which the appellee was already complying. However, Wanda Hankins did testify that she wondered why she was receiving other writs when they were already withholding the money. In addition, the testimony showed that during this same time the company received and answered a writ of garnishment from the Surgical Clinic of Northeast Arkansas for medical expenses incurred by Billy May.

After reviewing the above evidence, we agree that the appellee's failure to answer was due to neglect, but we cannot say that it was excusable. In *Metal Processing, Inc.* v. *Plastic & Reconstructive Associates*, 287 Ark. 100, 697 S.W.2d 87 (1985), this court faced a similar fact situation. There, a writ of garnishment was served on the company in compliance with ARCP Rule 4, but the company failed to answer and a default judgment was entered. In the company's motion to set aside the default judgment, the president of the company argued that the defendant had only been employed for five weeks and was not due any money and that he did not realize that the writ was directed to

him but assumed that it was just another suit against the defendant for his failure to pay his bills. In affirming the default judgment, this court noted that the writ's simple and direct message was written in plain language and it is impossible to say that the garnishee's failure to understand and comply with the writ is excusable neglect.

■ We believe that the holding in *Metal Processing* controls this case. As in *Metal Processing*, the writs, here, were written in plain language and included the dates of the appellant's judgments. In addition, both writs clearly stated that a default judgment would be entered against the corporation for the amount of the judgments if no reply was made within twenty (20) days. A simple checking of the prior writ of garnishment would have shown that these writs were referring to two separate judgments. The secretary of the corporation, herself, expressed doubt as to why the writs would be served again if they applied to the earlier judgment. With such information before the corporation, the failure to comply with these writs cannot be excusable neglect.

■ Next, the appellee alleges five defects with the garnishment proceedings. We summarily dismiss two of these alleged defects, because the appellee failed to cite any legal authority in support of its argument. *See Jones* v. *Ragland*, 293 Ark. 320, 737 S.W.2d 641 (1987).

■ Appellee first alleges that the garnishment was defective because the garnishee was not accurately and properly named as a party. The appellee's name is Bob Hankins Distribution Company, Inc., but the name of Bob Hankins Distributing Company was used in the writs of garnishment. We have stated that when there is some slight elaboration of the party's exact corporation name, such an error is immaterial when no separate party is actually involved. *Meek* v. *U.S. Rubber Tire Co.*, 244 Ark. 359, 425 S.W.2d 323 (1968). A misnomer is only fatal when it is so material and substantial as to indicate a different entity or to produce doubts as to the corporation intended to be sued. *See* 19 Am. Jur. 2d *Corporations* § 2216 (1986). Here, the garnishee is clearly identifiable. In fact, Bob Hankins admitted during his testimony that he refers to his company as Bob Hankins Distributing Company and Bob Hankins Distributing, and that Bob

Hankins Dist. is on his letterhead.

■ Likewise, we find no merit in the appellee's argument that the garnishment proceeding was defective because the garnishment papers did not specify the amount owed. Both of the writs of garnishment served on the appellee contained the amount of the judgments entered against its employee. The writs also contained the following language:

> (T)he petitioner alleges that the Garnishee above named is indebted to the said defendant or has in his hands and possession goods, chattels, monies, and effects belonging to said defendant. Now, therefore, you are hereby commanded to summon the said Garnishee above named to appear in this Court within 20 days from the date of delivery of this writ to the Garnishee and then and there answer what goods, chattels, monies, credits, effects he may have in his hands or possession belonging to said defendant to satisfy the judgment aforesaid . . . .

The purpose of these writs of garnishment is to summon the garnishee to appear before the court and reveal how much money is owed to its employee. However, since the appellee failed to answer, the court properly entered default judgments against the garnishee for the full amount specified in the appellant's judgments against Billy May plus costs pursuant to Ark. Code Ann. § 16-110-407 (1987).

In its last allegation of defects in the garnishment proceedings, the appellee relies on Ark. Code Ann. § 16-110-133 (1987) to argue that there must be a direct action against the garnishee with adequate notice of the claim being made. The appellee's reliance on this statute is misplaced, because § 16-110-133 applies to attachment proceedings. Here, there has been no attempt to attach the garnishee's property. Section 16-110-407 controls this situation, and it is a matter of settled law that a default judgment may be entered against a garnishee upon his failure to answer. *See Karoley* v. *A.R.&T. Electronics*, 235 Ark. 609, 363 S.W.2d 120 (1962); *Wilson* v. *Overturf*, 157 Ark. 385, 248 S.W. 898 (1923).

■ Finally, the appellee seems to argue that our statute, which allows default judgments to be entered when a writ of

garnishment is not answered, is unconstitutional. Specifically, the appellee contends that there is lack of adequate notice of the plaintiff's claims against the garnishee. We decline to reach this constitutional issue. The parties fully developed this case below so that we were able to consider and decide the foregoing issues in this *de novo* review. However, such is not true regarding the due process question in this appeal. In cases when action in chancery court has prevented the case from being fully developed, we remand. *Ark. Nat'l Bank* v. *Cleburne Bank*, 258 Ark. 329, 525 S.W.2d 82 (1975).

For the reasons stated above, we reverse and remand.

HAYS, J., concurs in part and dissents in part; PRICE, J., not participating.

STEELE HAYS, Justice, dissenting in part, concurring in part. While I concur in the result, I disagree with the majority that it is error for a trial court to vacate a default judgment against a garnishee who has demonstrated to that court's satisfaction that the garnishee is not indebted to the judgment debtor. This court has said repeatedly that default judgments are not favored by the law. *Tapp* v. *Fowler*, 291 Ark. 309, 724 S.W.2d 176 (1987); *Cammack* v. *Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984); *Burns* v. *Madden*, 271 Ark. 572, 609 S.W.2d 55 (1980); *Winters* v. *Lewis*, 260 Ark. 563, 542 S.W.2d 746 (1976). The granting of a default judgment is a harsh and drastic action and may deprive a party of substantial rights. *Lambert Bros. Inc.* v. *Tri-City Construction Co.*, 514 S.W.2d 838 (Mo. App. 1974), cited in *Winters* v. *Lewis, supra*. They are to be avoided if fairly possible, *A.O. Smith Harvester Products, Inc.* v. *Burnside*, 282 Ark. 27, 665 S.W.2d 288 (1984); *Sawyer* v. *Sawyer*, 261 Iowa 112, 152 N.W.2d 605 (1967).

Moreover, we have held that the granting or denial of a motion to set aside a default judgment is within the sound discretion of the trial court. *Burns* v. *Shamrock Club*, 271 Ark. 572, 609 S.W.2d 55 (1980); *Renault Central* v. *International Imports*, 266 Ark. 155, 583 S.W.2d 10 (1979). The trial court in this case exercised that discretion, soundly I believe, on behalf of a garnishee who had failed to answer a garnishment under a misapprehension that the garnishment applied to weekly deductions which were already being withheld from the wages of the

judgment debtor by the garnishee. Nor does the appellant even contend that the garnishee-appellee was in fact indebted to the judgment debtor. If the trial court does indeed have discretion to vacate a default judgment I cannot agree that that discretion has been abused under the circumstances presented by this case.