## BOB HANKINS DISTRIBUTING COMPANY
### *v.* Willie Frances MAY

90-227                                      805 S.W.2d 625

Supreme Court of Arkansas
Opinion delivered March 18, 1991

*Jacoway, Sherman & Pence*, by: *William F. Sherman*, for appellant.

*Fulkerson & Todd*, by: *Michael E. Todd*, for appellee.

---

DONALD L. CORBIN, Justice. Appellant, Bob Hankins Distributing Company, brings this appeal to challenge a ruling of the Greene County Chancery Court that upheld the constitutionality of the Arkansas Garnishment Statutes, Ark. Code Ann. §§ 16-110-401 to -415 (1987).[1] We reverse and dismiss.

Appellee, Willie Frances May, obtained two judgments against her former husband, Billy May, on sums that accrued pursuant to rights given her in a decree of divorce. Billy May was an employee of appellant. Two default judgments were obtained against appellant when it failed to respond to two writs of garnishment after judgment. This is the second time this case has been before us. The first time this case was before us, we reversed on procedural issues and remanded it to the trial court to develop the constitutional issue now at bar. *May* v. *Bob Hankins Distrib. Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990).

Appellant contends the Arkansas Garnishment Statutes violate its rights as a garnishee to the due process of law as guaranteed by the fourteenth amendment to the United States Constitution. Specifically, appellant claims the statutes are unconstitutional because they do not provide for adequate notice to garnishees that they may be liable for the judgment against the garnishee if they fail to properly answer writs of garnishments. We agree.

Appellee suggests that while section 16-110-401, the general authority under which writs of garnishment are issued, is silent on the issuance and service of a writ of garnishment, we should read our garnishment statutes in conjunction with Rule 4 of the Arkansas Rules of Civil Procedure, which deals with service of process upon the filing of a complaint. Appellee contends that Ark. R. Civ. P. 4 would cure the notice deficiency of the statute. We cannot agree.

Section 16-110-401 is the general authority under which writs of garnishment are issued. The relevant portion follows:

      (a)   In all cases where any plaintiff may begin an

---

[1] Appellant challenges the garnishment statutes, as they relate to notice to the garnishee, as they existed at the time the writs of garnishment were issued in this case. We note that the Arkansas Garnishment Statutes have been amended since that time.

action in any court of record, or before any justice of the peace, or may have obtained a judgment before any of the courts, and the plaintiff shall have reason to believe that any other person is indebted to the defendant or has in his hands or possession goods and chattels, moneys, credits, and effects belonging to the defendant, the plaintiff may sue ;out of a writ of garnishment, setting forth the claim, demand, or judgment, and commanding the officer charged with the execution thereof to summon the person therein named as garnishee, to appear at the return day of the writ and answer what goods, chattels, moneys, credits, and effects he may have in his hands or possession belonging to the defendant to satisfy the judgment, and answer such further interrogatories as may be exhibited against him.

Section 16-110-402 provides for the service of the writs: "[t]he writs shall be directed, served, and returned in the same manner as writs of summons." While this statute is silent on the particular points of the issuance and service of a writ of summons, Rule 4 of the Arkansas Rules of Civil Procedure details the procedure for issuance and service of summons:

(a) Issuance: Upon the filing of the complaint, the clerk shall forthwith issue a summons and cause it to be delivered for service to a sheriff or to a person specifically appointed or authorized by law to serve it. Upon request of the plaintiff, separate or additional summons shall issue against any defendant.

(b) Form: The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise the address of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.

Section 16-110-407 provides the penalty for a garnishee's failure to answer a writ of garnishment, but does not require

notice to the garnishee:

> (a)   If any garnishee, after having been served with a writ of garnishment ten (10) days before the return day thereof, shall neglect or refuse to answer the interrogatories exhibited against him on or before the return day of such writ, the court or justice before whom the matter is pending shall enter judgment against the garnishee for the full amount specified in the plaintiff's judgment against the original defendant, together with costs.

Even considering our original finding in *May* v. *Bob Hankins Distrib. Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990), that writs of garnishment are to be served pursuant to Ark. R. Civ. P. 4, when the statute and rule are read together they still do not satisfy the constitutional mandate of requiring that adequate notice be given to the garnishee that his property may be subject to satisfaction of the debt.

■   It is true that when the statute and rule are read together, they require that the garnishee receive notice that a failure to respond to the summons or writ of garnishment could result in a default judgment being entered against him for "the relief demanded in the complaint." Ark. R. Civ. P. 4(b). However, this requirement of notice is not sufficient to satisfy the due process mandate of the fourteenth amendment. The statue and rule are constitutionally deficient in that they do not specifically direct the garnishor to notify the garnishee that failure to answer the writ could result in the garnishee's personal liability for the original amount owed to the garnishor by the debtor. If a garnishee failed to answer a writ of garnishment, he could be deprived of his property without notice. It is a garnishee's right to predeprivation due process that must be protected.

The case of *Pulaski County* v. *Commercial Nat'l Bank*, 210 Ark. 124, 194 S.W.2d 883 (1946) is analogous to the issue now before us. There, we determined that an assessment statute, insofar as it authorized an appeal by one property owner from a decision of the Board of Equalization refusing to raise the assessment of another property owner without requiring any kind of notice to that property owner, contravenes the fourteenth amendment of the Constitution of the United States and is therefore void.

We note that other aspects of the garnishment statutes have been held unconstitutional. *Davis* v. *Paschall*, 640 F. Supp. 198, (E.D. Ark. 1986), held the statutes unconstitutional insofar as they fail to give adequate notice to the judgment debtor of his right to claim exemptions. In *Kennedy* v. *Kelly*, 295 Ark. 678, 751 S.W.2d 6 (1988), we interpreted *Davis, supra*, and held that a garnishee had no standing to challenge the garnishment laws based on the judgment debtor's right to notice.

Appellee calls our attention to the fact that both writs issued in this case contained the following language:

> NOTICE TO GARNISHEE: Failure to answer this writ within 20 days or failure or refusal to answer the interrogatories as may be propounded shall result in the court entering a judgment for the full amount specified in this writ of Garnishee, together with costs of the action.

We reach the inescapable conclusion that the Arkansas Garnishment Statutes in effect at the time of this action are unconstitutional insofar as they do not require that adequate notice be given to the garnishee that his property may be subject to satisfaction of the original judgment when served with a writ of garnishment. Our conclusion is not influenced by any actual notice that appellant may have received in that "notice must be provided as an essential part of the statutory provision and not awarded as a mere matter of favor or grace." *Central of Georgia Ry.* v. *Wright*, 207 U.S. 127, 138 (1907). In *Gravett* v. *Marks*, 304 Ark. 549, 801 S.W.2d 647 (1991), we considered *Kennedy, supra*, and other cases involving property seizure proceedings and stated:

> We did not intend, in *obiter dicta* or otherwise, to suggest that a property seizure proceeding based on a statute which has been declared unconstitutional may succeed. We have held in many cases that "when a statute is declared unconstitutional it must be treated as if it had never been passed." *Green* v. *Carder*, 276 Ark. 591, 637 S.W.2d 594 (1982); *Huffman* v. *Dawkins*, 273 Ark. 520, 622 S.W.2d 159 (1981); *Morgan* v. *Cook*, 211 Ark. 755, 202 S.W.2d 355 (1947). Actual notice is insufficient where a notice

statute is constitutionally insufficient. *Wuchter* v. *Pizzuti*, 276 U.S. 13 (1928).

We reverse and dismiss.

NEWBERN, J. concurs.

GLAZE and BROWN, JJ., dissent.

DAVID NEWBERN, Justice, concurring. In *Travelodge International, Inc.* v. *Handleman Nat. Book Co.*, 288 Ark. 368, 705 S.W.2d 440 (1986), a judgment creditor attacked pleadings and discovery responses filed by its garnishee. We held that Ark. R. Civ. P. 5(c), 10(a), 7(a), and 5(e) were inapplicable to pleadings in a garnishment proceeding because it is a special statutory action excepted from application of the Rules by Rule 81(a). We wrote, "The procedures followed by the defendant-garnishee in this case were consistent with the garnishment statutes, and were thus appropriate." In that case, however, we held that Rule 60(b) did apply to garnishment proceedings because there was nothing in the garnishment statutes dealing with the time in which a trial court may set its judgment aside.

In *May* v. *Bob Hankins Distrib. Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990), we held that the Rules govern service of a garnishment writ because Ark. Code Ann. § 16-110-402(2)(A) (Supp. 1989) specifically requires writs to be served in the same manner as writs of summons, which are now served in accordance with Rule 4. We wrote that that section of the garnishment law which governs the method of garnishment service on corporations, Ark. Code Ann. § 16-58-124 (1987), "does not fit into the exception described in . . . Rule 81(a)," and therefore, it must bow to a conflicting rule.

I fully agree with the result and rationale of the Court's opinion in this case. The purpose of this concurring opinion is to point out the uneasy patchwork of rules and statutes with which parties must be familiar to pursue garnishment successfully. Confusion arises when we must say, as we did in the *Travelodge* case that several rules of procedure containing requirements not found in the garnishment statutes could be ignored and then to say, as we did in the earlier *May* case that a statute must yield to a rule because the statute does not fit into the exception described in Rule 81(a).

The point is that we have recognized that garnishment, generally, is one of those Rule 81(a) special "instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply." The General Assembly may wish, when considering whether to add a notice provision to the statutory garnishment scheme, to expand the procedural provisions to alleviate the difficulties created by having to refer to both the rules and the statutes. Should that occur, our Committee on Civil Practice may wish to consider a recommendation on removing the reference to garnishment proceedings from Rule 4(k).

Tom Glaze, Justice, dissenting. In ruling Arkansas's Garnishment Code unconstitutional, the majority does not claim that no notice was given the appellant garnishee, *See Armstrong* v. *Manzo*, 380 U.S. 545 (1965); or that the notice effected here was not reasonably calculated to reach the appellant. *Mullane* v. *Central Hanover Trust Co.*, 339 U.S. 306 (1950). The majority rests its decision on the narrow proposition that Arkansas law fails to provide "adequate" notice to the appellant of the nature of the garnishment proceedings against it. In my view, the law and the facts cannot support such a holding.

In *Mullane*, the Supreme Court stated that the fundamental requirement of due process in any proceeding requires that "notice must be of such nature as reasonably conveys the required information." Arkansas law comports with this due process requirement, and in doing so, service of a writ of garnishment and required notice is served upon the garnishee in the same manner as a defendant is served with a summons and complaint under ARCP Rule 4. *See* Ark. Code Ann. § 16-110-402 (1987) and in particular *see* ARCP Rule 4(a), (b) and (k). We approved such service in garnishment cases in *May* v. *Bob Hankins Distributor Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990).

The form and service requirements in garnishment cases are the same as those set out in Rule 4(b) for the service of a summons and complaint. In other words, the defendant must be notified of the time within which he must appear, file a pleading and defend, and to further notify him that, if he fails to respond, a default judgment may be entered against him *for the relief demanded* in the complaint. Stated differently, Rule 4(k) requires the same

type form and notice used for serving a complaint and summons in civil actions to be used also when serving writs of garnishments upon garnishees. Thus, Rule 4(b) and (k) merely implement Ark. Code Ann. § 16-110-407 (Supp. 1989), by notifying the garnishee in the writ served upon him that, if any garnishee fails to answer interrogatories served against him, the court shall enter judgment against the garnishee for the amount specified in the plaintiff's (creditor's) judgment against the original defendant (debtor) or employee of the garnishee.[1]

In compliance with Arkansas's garnishment laws, the appellee here served her writ of garnishment and notice upon appellant by personal service through the Pulaski County Sheriff's Office. I attach a copy of that writ to the opinion for the reader's review. That writ not only notified the appellant (garnishee) of the relief and amount of judgment that its employee (the original defendant debtor) owed appellee (original plaintiff creditor), but *it likewise notified the appellant garnishee that if it failed to answer the writ or interrogatories, the court would enter a judgment against the garnishee for the full amount plus costs specified in the writ*. Arkansas's garnishment laws and the notice given here comply with those laws meeting requisite due process requirements. I fail to see how garnishee could be entitled to more information than that now provided by Arkansas law, and that information given appellant in this case. Appellant simply ignored that notice.

In conclusion, I am compelled to mention that the majority's holding raises other questions that now must be addressed by either this court or the General Assembly — the initial question is which of these two bodies has the power to correct the so-called procedural or notice defect in Arkansas's garnishment laws. In recent decisions, this court has held that it will give full effect to legislation in an area of procedure or practice that it has not preempted by rule and will defer to the General Assembly where a court rule conflicts with a public policy adopted by legislative act or as a part of the constitution. *Lyons* v. *Forrest City Machine*

---

[1] Act 463 of 1989 [now codified as Ark. Code Ann. § 16-110-407 (Supp. 1989)] limits such default judgment to the amount of nonexempt wages owed employee on date employer was served with writ.

*Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990); *St. Clair* v. *State*, 301 Ark. 223, 783 S.W.2d 835 (1990); *Curtis* v. *State*, 301 Ark. 208, 783 S.W.2d 47 (1990). In *Lyons*, we stated that, by our adopting ARCP Rule 4, the court preempted the area of service of process, and because Act 401 of 1989 (a law dealing with service of process) deviated or conflicted with Rule 4, the court held Rule 4 controlling.

In the present case, this court, under Rule 4(k), seems to have preempted the service of writs of garnishment by providing such writs may be served in the manner prescribed in Rule 4, which, of course, includes Rule 4(b) discussed above. Thus, it appears the constitutional defect (lack of sufficient notice) pointed out by the majority court in garnishment proceedings in a problem that needs to be corrected by this court. This conclusion, however, becomes somewhat murky in view of ARCP Rule 81(a), which provides as follows:

> (a) Applicability in General. These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

In construing Rule 81(a) in *Travelodge International, Inc.* v. *Handelman Nat. Book Co.*, 288 Ark. 368, 705 S.W.2d 440 (1986), we stated that a garnishment proceeding is a special statutory action, and we then held ARCP Rules 5(c), 10(a), 7(a), and 5(e) were therefore inapplicable in that case. However, in the same case, we applied ARCP Rule 60(b) because, in the terms of Rule 81(a), the garnishment statutes did not provide for a procedure for setting aside a judgment.

As the majority opinion here mentions, Ark. Code Ann. § 16-110-402 (1987), albeit inadequate, provides for the service of writs of summons. That statute only provides for lawful service if you apply and construe Rule 4, to implement § 16-110-402, as Rule 4(k) specifically so provides.[2] In any event, the question

---

[2] In applying Rule 4 to Arkansas's garnishment laws in these circumstances, one should indulge their presumption of constitutionality — a longstanding principle of statutory construction which, I suggest, the majority court chooses to ignore in this case.

surfaces as to which remedial law or rule will control if both the General Assembly and this court enact or promulgate a statute or rule to correct the garnishee-notice problem the majority opinion says exists in Arkansas's garnishment proceedings.

Having stated what I believe to be some of the problems that will arise due to the majority holding, I again reiterate my disagreement. I would affirm the trial court and uphold its ruling that the state's garnishment statutes are constitutional. In adopting this view, the court would properly avoid the confusion that will surely follow this court's decision.

BROWN, J., joins this dissent.

7-7-90
NO. ONE

JUDICIAL DIVISION

37 NOV 13  A0: 20

PULASKI COUNTY SHERIFF

IN THE __CHANCERY__ COURT OF GREENE COUNTY, ARKANSAS

| | |
|---|---|
| __WILLIE FRANCES MAY__ | PLAINTIFFS |
| VS | |

NO. __E-84-330__

| | |
|---|---|
| __BILLY GENE MAY__ | DEFENDANTS |
| __BOB HANKINS DISTRIBUTING CO.__ | GARNISHEE |

3505 Old Jacksonville Highway, North Little Rock, Arkansas
Bob Hankins, Agent for Service of Process

## WRIT OF GARNISHMENT AFTER JUDGMENT

STATE OF ARKANSAS

COUNTY OF ___GREENE___

TO:  THE SHERIFF OF __PULASKI__ COUNTY, ARKANSAS:

WHEREAS, a judgment was obtained in the __Chancery__ Court of __Greene__ County, Arkansas, on __4-21-87__, by the plaintiff above named against the defendant(s) for the sum of $ __765.00__ and the court costs of said case, said judgment to bear interest from date until paid at the rate of __6__ per cent per annum; and said judgment remains unsatisfied, and there now remains on said judgment the sum of $ __789.48__, including the sum of principal judgment, costs and interest on said judgment to date; and

WHEREAS, the plaintiff alleges that the Garnishee above named is indebted to the said defendant(s) or has in (his, her, its) hands and possession goods, chattels, monies, and effects belonging to the said defendant(s);

NOW, THEREFORE, you are hereby commanded to summon the said Garnishee above named to appear in this court within 20 days from the date of delivery of this writ to said Garnishee and then and there answer what goods, chattels, monies, credits and effects (he, she, it) may have in (his, her, its) hands or possession belonging to the said defendant(s) to satisfy the judgment aforesaid and further to answer any interrogatories as may be propounded to (him, her, it) and you will make due return of this writ unto said court before the date aforesaid.

NOTICE TO GARNISHEE: Failure to answer this writ within 20 days or failure or refusal to answer the interrogatories as may be propounded shall result in the court entering a judgment for the full amount specified in this writ against Garnishee together with costs of the action

WITNESS my hand as clerk of the court and seal thereof on this _12th_ day of _Nov., 1987_

_Mich Gramling_
Clerk

**RETURN**

STATE OF ARKANSAS

COUNTY OF _Pulaski_

12:35 P.M.

On this 16⁴ day of Nov-1987 , I have duly served the within writ by delivering a copy and stating the substance thereof to the within named Garnishee as I am hereby commanded.

CARROLL GRAVETT, SHERIFF

Sheriff

By: _____ /D.S.

JERRY BUTLER #308
DEPUTY SHERIFF

**COSTS**

Mileage    $ _____

Service    $ _____

Return    $ _____

Total    $ _____