The Honorable David Gibbons Prosecuting Attorney Fifth Judicial District Post Office Box 3080 Russellville, Arkansas 72811
Dear Mr. Gibbons:
This is in response to your request for an opinion on the following two questions:
 1. Can the Sheriff appoint a constable of a township in Pope County to serve a summons?
 2. Can the County pay a constable so appointed the funds contemplated by section 3 of the attached ordinance?
Although a definitive answer to your first question will require a judicial determination or legislative clarification, it is my opinion that an Arkansas court would likely conclude that a sheriff is without authority to appoint a constable to serve a summons. An answer to your second question is therefore unnecessary.
Question 1 — Can the Sheriff appoint a constable of a township in PopeCounty to serve a summons?
Arkansas Rule of Civil Procedure 4(c) provides:
 Service of summons shall be made by (1) a sheriff of the county where the service is to be made, or his or her deputy; (2) any person not less than eighteen years of age appointed for the purpose of serving a summons by either the court in which the action is filed or a court in the county in which service is to be made; or (3) in the event of service by mail pursuant to subdivision (d)(8) of this rule, by the plaintiff or an attorney of record for the plaintiff.
Although Rule 4 does not authorize a sheriff to appoint a constable to serve a summons, the legislature has also provided for the service of summons. Arkansas Code Annotated § 16-58-107(2) (1987) provides that a summons may be served "by any person appointed by the officer to whom the summons is directed, by an endorsement on the summons, whose affidavit, endorsed thereon, shall be proof of the time and manner of service." Thus, § 16-58-107 appears to authorize a sheriff to appoint any person, including a constable, to serve a summons.
In Opinion No. 91-030 (copy enclosed), I stated that § 16-58-107 appeared to conflict with Rule 4(c) to the extent that § 16-58-107 allowed the sheriff to appoint someone to serve a summons for him. I noted that when such a conflict arises between a court rule and an act of the legislature, the court will defer to the General Assembly only to the extent that the court rule's primary purpose and effectiveness are not compromised; otherwise, the court's rule remains supreme. State v.Sypult, 304 Ark. 5, 800 S.W.2d 402 (1990); see also Casement v. State,318 Ark. 225, 884 S.W.2d 593 (1994). I further stated that allowing the sheriff to appoint someone to serve a summons for him did not appear to compromise the primary purpose and effectiveness of Rule 4(c), which is presumably the prompt and accurate service of summons. Thus, I concluded that § 16-58-107(2) should be read as providing an additional method of service to that provided in Rule 4(c) and that the sheriff may therefore appoint a constable to serve a summons for him.
It, however, now appears that an Arkansas court would likely conclude that a sheriff is without authority to appoint a constable to serve a summons. It is my opinion that a court would likely conclude that Rule 4 has preempted the area of service of summons and that § 16-58-107(2) is superseded.[1]
The Arkansas Supreme Court has held that other provisions of Rule 4 preempt conflicting statutory provisions. In May v. Bob Hankins Distrib.Co., 301 Ark. 494, 785 S.W.2d 23 (1990), the court held that Rule 4(d)(5) superseded A.C.A. § 16-58-124. Rule 4(d)(5) provided that service of summons upon a corporation could be accomplished "by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons." Section 16-58-124 provided that service of summons could be upon the president, mayor, or chairman of the board of trustees, and in the case of the absence of the above officers, then it could be served upon the cashier, treasurer, secretary, clerk, or agent of the corporation. Because the absence of the corporation's president was never shown, service on a bookkeeper and the secretary of the corporation was not proper under § 16-58-124; however, the court held that service was proper under Rule 4(d)(5). The court stated that the facts in the case clearly illustrated that § 16-58-124 and Rule 4(d)(5) could not stand together.
In Lyons v. Forrest City Machine Works, 301 Ark. 559, 785 S.W.2d 220
(1990), the court considered a conflict between Rule 4(i) and Act 401 of 1989 (now codified as A.C.A. § 16-58-134). Rule 4(i) provided that if service of summons was not made upon a defendant within 120 days after the filing of the complaint, "the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative." In Act 401, the General Assembly attempted to give the trial court discretion by inserting the word "may" for "shall." In refusing to give effect to the substitution provided by Act 401, the court held that by adopting Rule 4, it had preempted the area of service of process. Seealso Phillips v. Commonwealth Sav. Loan Ass'n, 308 Ark. 654,826 S.W.2d 278 (1992) (A.C.A. § 16-58-130(c) preempted by Rule 4 to the extent that § 16-58-130(c) provided a different and longer publication requirement for a warning order than that required by Rule 4).
Most recently, in Carruth v. Design Interiors, 324 Ark. 373,921 S.W.2d 944 (1996), the court held that a trial court erred in failing to grant a motion to dismiss for failure of service of process. The complaint was initially served by a constable, and the Supreme Court stated that such an attempt to serve was improper. Although there was no discussion of § 16-58-107, the court reasoned that the service requirements imposed by court rules, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. This appears to indicate that service of a summons must be in compliance with Rule 4.
Finally, in his treatise on civil practice and procedure, Justice Newbern states that § 16-58-107 "has not yet been `deemed superseded'" by the Arkansas Supreme Court. David Newbern, Arkansas Civil Practice andProcedure § 9-4 (2d ed. 1993). Justice Newbern, however, states that Rule 4 "should supersede the entire statute, as the rule is obviously an attempt by the Supreme Court to prescribe altogether who may effect personal service, and it is inconsistent with the statute which had heretofore dealt with that subject." In fact, to the extent that §16-58-107 permits service by the officer to "whom the summons is directed or by a person appointed by him," Justice Newbern submits that provision has clearly been superseded as the summons is no longer directed to an officer but to the defendant.[2]
In sum, it appears that Rule 4(c) and § 16-58-107(2) cannot stand together. A summons served pursuant to § 16-58-107(2) would not be in compliance with Rule 4(c); therefore, it is my opinion that a court would likely conclude that a sheriff is without authority to appoint a constable to serve a summons.[3] A definitive answer, however, will require a judicial determination or legislative clarification.
Question 2 — Can the County pay a constable so appointed the fundscontemplated by section 3 of the attached ordinance?
In light of my response to question one, an answer to this question is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] "All laws in conflict with the Arkansas Rules of Civil Procedure . . . shall be deemed superseded as of the effective dates of these rules." Supersession Rule, Arkansas Court Rules p. 793 (1997).
[2] Rule of Civil Procedure 4(b) provides in part that "The summons shall . . . be directed to the defendant." See also Tucker v. Johnson,275 Ark. 61, 628 S.W.2d 281 (1982) (summons was defective because it was not directed to the defendant; the sheriff rather than the defendant was directed by the Clerk to take action).
[3] To the extent Opinion No. 91-030 reaches a contrary result, it is superseded.